**In re JASON B. and Jessica B.**

Supreme Judicial Court of Maine.

Argued Nov. 10, 1988.
Decided Dec. 14, 1988.

Charles G. Henegar (orally) Kettle, Carter, Henegar, Levandoski & Anderson, Portland, for plaintiff.

James E. Tierney, Atty. Gen., Christine Foster (orally), Asst. Atty. Gen., Dept. of Human Services, Christopher C. Ryer, Brunette, Shumway, Romanow & Ryer Portland, Guardian ad Litem, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Barbara C. appeals from the judgment of the District Court (Portland, *Kellam, J.*) terminating her parental rights to Jason

and Jessica B. She contends that it was reversible error for the trial court to admit in evidence the testimony of a caseworker for the Department of Human Services (DHS) that the children's foster mother had expressed an interest in adopting the children. She also contends that the evidence was insufficient to support the trial court's finding that it was in the best interests of the children to terminate her parental rights to them. We affirm the judgment.

## I

The record discloses that the trial court heard, *inter alia*, the following evidence: The father of Jason and Jessica is deceased. In July 1985 Jason, then two years of age, and Jessica, then seven months of age, were placed in the custody of the DHS after Barbara was found for the second time within a two-week period to be intoxicated and unable to care for the children. The children have resided in the same foster home since August 1985. Barbara has had a serious problem with the abuse of alcohol for more than eight years and continues to suffer from chronic alcoholism. Her visits with her children during the reunification period have been erratic with extended periods of no contact with them. After the removal of the children from her custody, Barbara attended a 28–day residential rehabilitation program and agreed to further attendance at a six-month program, but left after five days. Throughout the period of the attempted reunification with her children Barbara was observed to be severely intoxicated on a number of occasions. Barbara has not visited or had any contact with her children since June 1987.

After hearings on May 26 and 27, 1987, and March 28, 1988, the court issued its order on March 31, 1988 terminating Barbara's parental rights to her children. The court specifically found "by clear and convincing evidence that [Barbara] has been unwilling or unable to protect the children from jeopardy and the circumstances are unlikely to change within a time reasonably calculated to meet the needs of the children," and that "[t]ermination is in the best interests of the said children."

## II

■ Over Barbara's objection that the evidence was hearsay because being offered for its truth, the trial court admitted in evidence the testimony of a caseworker for the DHS that the children's foster mother "asked me that—if she would be considered for adoption if the children were freed for adoption, and later she has stated to me she is very interested in adopting the children." Barbara contends that the trial court's ruling constitutes reversible error.

The DHS argues, as it did before the trial court, that the evidence was not being offered to prove the truth of the matter asserted. It is apparent from the record, however, that the statement was offered for that express purpose and pursuant to M.R.Evid. 801(c) was inadmissible hearsay. Accordingly, we evaluate the error to determine whether under our procedural rules it can be said to be harmless. Rule 61 of the Maine Rules of Civil Procedure provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

M.R.Civ.P. 61. *See also* M.R.Evid. 103 ("Error may not be predicated upon a ruling that admits evidence ... unless a substantial right of the party is affected.").

We have previously stated that, if after a review of the entire record we " 'cannot say that it is highly probable that [the decision was] not affected by the' erroneous admission of the evidence," a substantial right is affected. *Heselton v. Wilder,* 496 A.2d 1063, 1067 (Me.1985) (quoting

*Dunning v. Dunning*, 495 A.2d 821, 824 (Me.1985)); *Chadwick–BaRoss, Inc. v. Martin Marietta Corp.*, 483 A.2d 711, 716 (Me.1984); Field, McKusick & Wroth, *Maine Civil Practice* § 61.1 (1970 & Supp. 1981). In the instant case nothing in the decision of the trial court reflects its reliance on the hearsay evidence. *See Chadwick–BaRoss*, 483 A.2d at 716. From our review of the entire record, we hold that it is highly probable that the trial court's decision was not affected by the hearsay evidence. Accordingly, its admission was harmless error.

Barbara does not challenge the trial court's finding that she is unable or unwilling to protect her children from jeopardy and that a timely change in these circumstances is unlikely. She does, however, challenge the sufficiency of the evidence to support the trial court's finding that it is in the best interests of the children to terminate her parental rights.

Barbara first argues that the evidence is insufficient because the DHS failed to consider the placement of the children with their aunt as an alternative to these proceedings. We find no merit in that argument because the record reflects that as a factor in its determination whether it was in the best interests of the children to terminate Barbara's parental rights to them, the court considered the testimony of witnesses, including that of the aunt, concerning such placement. *See In re Misty Lee H.*, 529 A.2d 331, 333 (Me.1987) (trial court's "finding on the issue of the best interests of the child is entitled to substantial deference, in that the judge is directly able to evaluate the testimony of the witnesses").

Barbara next argues that the only evidence to support the trial court's finding relating to the best interests of the children is her inability to protect the children and meet their needs, which by itself is insufficient. We have previously stated that the unwillingness of a parent to assume parental responsibilities and that child's best interests are two separate inquiries in a proceeding to terminate a parent's right to the child. *In re Hope H.*, 541 A.2d 165, 166 (Me.1985). We also recognized that a parent's inability or unwillingness to protect the child from jeopardy, although a separate inquiry, is a factor among others that must be considered in determining the needs of the child. *See id.* at 167 n. 4. *See also* 22 M.R.S.A. § 4055(2) (Supp.1988) ("the court shall consider the needs of the child" in determining the best interests of the child.).

In addition to the evidence of Barbara's inability or unwillingness to protect the children within a time calculated to meet their needs, the trial court heard evidence as to the age of the children when removed from Barbara's home; the length of time relative to their respective ages spent in their foster home; the children's adjustment to the foster home; that as a result of Barbara's minimal and sporadic contact with the children they easily separated from her after their last contact; the children had no visible reaction to Barbara's cancellation of later scheduled visits with them; that neither child had a stronger bond with their mother than their foster parent; and that since their removal from Barbara's home in July 1985 the children have not returned to her home or spent an entire day with her. Because there is clear and convincing evidence in the record to support the finding, the trial court properly determined that it is in the best interests of the children that Barbara's parental rights to them be terminated. *See* 22 M.R.S.A. § 4055(2) (Supp.1988) (considerations in deciding to terminate).

The entry is:

Judgment affirmed.

All concurring.