**In re TRISHA L.**

Supreme Judicial Court of Maine.

Submitted on briefs Sept. 19, 1991.
Decided Oct. 10, 1991.

Allan W. Hanson, Caribou, for appellant.

John M. Pluto, Deputy Dist. Atty., Caribou, for appellee.

Robert Bellefleur, Madawaska, guardian ad litem.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Theresa L., mother of Trisha L., appeals from a judgment of the District Court (Madawaska, *Daigle, J.*) granting the petition of the Department of Human Services (DHS) to terminate her parental rights. The mother argues that the District Court could not hear the petition because she did not receive notice of DHS's decision to cease reunification efforts prior to service of the petition in accordance with 22 M.R.S.A. § 4041(2)(B) (Supp.1990).[1] We disagree and affirm the judgment.

On May 23, 1989, the District Court issued a Child Protection Order that awarded custody of Trisha L. to DHS, ordered the mother to comply with the reunification plan prepared by DHS, and provided for a review hearing in November 1989. At the November review hearing, the court announced on the record, with Theresa L. and her attorney present, that custody would remain with DHS and that reunification efforts would continue. The verbal order, announced November 14, was issued in writing on December 4. In the interim, due to the mother's lack of cooperation with reunification efforts, DHS sent a letter to the mother that it planned to discontinue efforts to reunify the child with her. The mother's argument is essentially that the subsequent written order of the District Court continuing reunification efforts "negated" the DHS notice by the letter, so that DHS was required to send another letter before serving a petition to terminate parental rights.

The duty to notify under section 4041(2)(B) prior to service of the petition is but one of the responsibilities imposed on DHS with regard to its obligations to facilitate reunification. The notice required under this section must contain the reasons for the decision, the efforts made by DHS in working with the parent and child, and the parent's rights to move for judicial review. The purpose of this notice, therefore, is to inform the parents of the consequences of ceasing reunification services. This purpose was amply served by the notice sent prior to the entry of the order. Also, the record shows that the mother was provided an opportunity to continue these services, even after the letter, but declined to do so. Given these circumstances, the court properly found that the mother was aware of the consequences of her rejection of the reunification services and that the sequence of the letter and the entry of the written order did not affect the court's authority to entertain the termination petition.

The mother raises two additional arguments. First, she contends that the court should not have accepted testimony on the notice issue after the termination hearing. We perceive no abuse of discretion, however, in the court's decision to allow such testimony. *See New England Hotel Realty, Inc. v. Finley*, 508 A.2d 121, 122 (Me.1986). Second, she argues that DHS's failure to provide a French-speaking therapist deprived her of an effective opportunity to rehabilitate. The record supports the District Court's finding that the mother's ability to communicate in English was sufficient. Moreover, although DHS has an obligation under 22 M.R.S.A. § 4041 to provide services to facilitate rehabilitation and reunification before seeking termination of parental rights, failure to fulfill that obligation does not by itself constitute a ground for denying the petition to terminate. *In re Crystal S.*, 483 A.2d 1210, 1212 (Me.1984).

The entry is:

Judgment affirmed.

All concurring.

---

1. "When the department discontinues efforts to return the child to a parent, it shall give written notice of this decision to that parent at his last known address.... This notice requirement must precede service of a copy of a petition to terminate parental rights...."