**In re DAVID H. and Virginia H.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 26, 1994.

Decided March 1, 1994.

Peter W. Evans, Portland, for mother.

Christopher Dilworth, Falmouth, for father.

Christine Foster, Dept. of Human Services, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Belinda and David H. appeal the order of the District Court (Portland, *Goranites, J.*) terminating their parental rights to their children David Jr. and Virginia, pursuant to 22 ·M.R.S.A. § 4055 (1992). Belinda and David contend that the record does not support, by clear and convincing evidence, the court's findings that termination was in the children's best interest, that they are unable to protect the children from jeopardy, and that they are unable to take responsibility for their children. We disagree and affirm the judgment.

Belinda suffers from chronic undifferentiated schizophrenia, which despite medication and frequent hospitalizations, has made everyday life and the care of her two children David Jr. and Virginia nearly impossible. Her husband David has a long term and serious alcohol problem. Twice Belinda and David have relinquished custody of their children to DHS. The first time occurred in 1982 when David Jr. was just an infant and Belinda was once more hospitalized. Although David Jr. was returned to their custody in 1984, the intervening years saw this family continue to suffer declining mental health and instability. Belinda was unable to get along with David Jr. and was sometimes physically abusive. David continued to drink and during one blackout he was arrested after a violent confrontation with Windham police officers. David has failed to demonstrate his ability to stay sober and to complete court-ordered alcohol counseling.

In January 1991 Belinda again was hospitalized. She called David Jr.'s former foster parents and asked them to take both her children—David Jr., then nine years old, and

his sister Virginia, who had just had her first birthday. DHS intervened and was granted a Child Protection Order by the District Court (Portland, *Beaudoin, J.*) placing David Jr. and Virginia in its custody. David Jr. was placed with his original foster parents. Virginia was difficult to place because of her constant crying and clinging behavior. DHS finally placed her with a foster mother in Westbrook, who after one month was exhausted. DHS's provision of therapy, day care, and respite care for Virginia and her foster mother prevented the placement from failing.

Over the next ten months, Belinda and David had supervised visits with both children. Both David Jr. and Virginia continued to exhibit serious emotional problems, although therapy and care from their foster families appeared to have had a positive effect. In June 1992 DHS filed a petition for termination of parental rights. A two-day hearing was held in December 1992 and the court issued an order terminating Belinda and David's parental rights in January 1993. This appeal followed.

## I.

The District Court may order the termination of parental rights if it finds by clear and convincing evidence both that termination is in the best interest of the children, and any of the following:

(i) The parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs;

(ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs;

(iii) The child has been abandoned; or

(iv) The parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041.

22 M.R.S.A. § 4055(1)(B)(2)(b) (1992). In the instant case, the court found, by clear and convincing evidence, that Belinda and David's parenting met the conditions described in subsections (i) and (ii), and that

termination was in the best interest of David Jr. and Virginia.

We affirm an order terminating parental rights if a review of the entire record demonstrates that the District Court rationally could have found clear and convincing evidence to support its factual findings with regard to any one of the alternative bases set out in section 4055(1)(B)(2)(b). *In re Elijah R.*, 620 A.2d 282, 284 (Me.1993). The clear and convincing standard requires us to review the evidence to determine if the District Court could reasonably have been persuaded that the required factual findings were proved to be highly probable. *Id.*

Belinda and David contend first that the court erred in finding that termination was in the best interest of the children. Specifically, they aver that David Jr.'s alleged strong bond with his father demonstrates that termination would be detrimental to him. They also point to their positive visits with the children as proof that termination would be destructive. The District Court relied on testimony from David Jr.'s therapist that David Jr. did not have a strong or healthy bond with either parent. Indeed, the record supports the contrary finding—that David Jr. needed to break away from his parents in order to construct healthier and more stable relationships. As for the visits, there was convincing evidence that the visits were disruptive to the children. With regard to Virginia, there was lengthy and detailed testimony from her therapist and her foster mother describing this child's serious problems and pressing the need for a stable and nurturing home life.

Belinda and David further argue that it was DHS's failure to provide them with the services that were provided to Virginia's foster mother, which they argue would have improved their ability to care for their children, as well as DHS's failure to alleviate the tense situation that existed between David Sr. and David Jr.'s foster parents, that contributed to the court's conclusion that termination would be in the children's best interest. We reject these arguments. The court's conclusion as to the children's best interest was based on a careful analysis of

the evidence. The court's factual findings support this conclusion independent of any findings as to the conduct of DHS. The District Court's finding that the termination of Belinda and David's parental rights was in the best interest of the children is supported by clear and convincing evidence.

## II.

■ Belinda and David argue that the District Court erred in finding that there were unable to protect their children from jeopardy. Specifically David alleges that he has demonstrated his ability to stay sober, attend counseling, and provide a manageable plan to care for the children so that Belinda would not be burdened with the care of the children beyond her mental and emotional abilities. We reject these arguments.

The District Court's factual findings included references to both parents' inability to prevent their children from being harmed by their parents' behavior. Specifically the court pointed to Belinda's physical abuse of David Jr., and David Sr.'s failure to protect his son from this abuse. The court also described Belinda's inability to recognize the severity of her illness, and her failure to stop drinking. Moreover, the court made factual findings, supported by the record, both that David failed to participate in the requested psychological evaluation, and that he failed to provide the court with proof that he had participated in alcohol counseling. There is no clear error in the Court's conclusion that these factual findings, supported by clear and convincing evidence, demonstrate both parents' inability to provide the necessary protection of David Jr. and Virginia.

## III.

■ Belinda and David reiterate three points in their argument that the District Court erred in finding that they were unable to provide for the needs of David Jr. and Virginia. First they allege that the court should have taken into consideration that if DHS had provided them with the necessary services, they would have been able to care for their children. As discussed above briefly, DHS's failure to provide Belinda and David with the services it provided to Virginia's foster mother was not in issue in this case. The court did not make a finding as to DHS's responsibility to provide these parents with support services. The issue before the court was Belinda and David's ability and willingness to care for their children, not DHS's responsibility for providing support services. This argument fails to state a ground for finding error in the court's finding on this issue.

■ Next, David again points to the alleged strong bond he enjoys with David Jr. as demonstrating a willingness and ability to provide care for his son. As stated above, there is clear and convincing evidence in the record that no such close bond existed between father and son, and moreover, we have held that a parent's *willingness* to provide care for a child is not indicative of that parent's *ability* to provide that care. *In re Sara K.,* 611 A.2d 71, 75 (Me.1992). The same can be said of David's final argument on this point—that his care plan demonstrates his willingness and ability to care for his children. The court's finding that David Jr. and Virginia are special needs children who require stable, consistent, and nurturing home environments that cannot be provided by their parents is borne out by the lengthy reports and testimony from the children's therapists and caretakers. The Court's conclusion that Belinda and David are unable to provide David Jr. and Virginia with the care they need is supported by clear and convincing evidence.

## IV.

■ Finally, Belinda and David argue that DHS failed to make the necessary efforts to reunify their family prior to undertaking a termination proceeding. 22 M.R.S.A. § 4041 (1992). Although it is one factor for the District Court to consider, we have held that DHS's failure to reunify does not necessarily lead to a denial of the petition to terminate. *In re Trisha L.,* 597 A.2d 935, 936 (Me.1991). In the instant case, the District Court made no finding as to DHS's reunification efforts. Therefore although we are not bound to consider this issue, there is nothing in the record

to support the contention that DHS failed to make the required reunification efforts.

The entry is:

Judgment affirmed.

All concurring.