**In re JUSTIN T.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 28, 1994.
Decided April 15, 1994.

Peter M. Rice, Yarmouth, Philip Notis, South Portland, for appellant.

Christine Foster, Lou Ann Clifford, Dept. of Human Services, Kevin Gordon (Guardian

Ad Litem) Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

The mother of Justin T. appeals from a judgment of the District Court (Portland, *Bradley, J.*) terminating her parental rights pursuant to 22 M.R.S.A. § 4055 (1992 & Supp.1993). On appeal, she challenges the trial court's findings that she cannot protect her son from jeopardy, that she is unable to take responsibility for him within a time that is reasonably calculated to meet his needs, and that termination is in Justin's best interests. The mother also contends that the failure of the Department of Human Services (Department) to meet its obligations to pursue family reunification requires that the termination be vacated. We affirm the judgment.

The record reflects that in January of 1991, Justin's mother was sharing a Portland apartment with her four children, another child related to her by marriage, and her boyfriend. Justin was 21 months old at the time. On January 22, the mother left Justin in the care of her boyfriend and returned home to find the child seriously injured. She rushed Justin to a local hospital, where he spent the next 17 days recovering from injuries to his liver and pancreas, as well as the permanent impairment of one of his kidneys. The boyfriend was convicted of aggravated assault and incarcerated; Justin's mother ended their relationship.

While Justin was hospitalized, the Department obtained an order from the District Court granting the Department temporary custody of the child. In April, the court entered a child protective order, with the agreement of the parties, officially placing Justin in Department custody. The Department identified substance abuse as a major problem in the mother's life and referred her for psychological evaluation, counseling, and

treatment. Twice in 1992, in August and again in September, the mother entered a residential treatment program but left prior to completing it.

In March of 1993, the Department filed a petition to terminate the parental rights of Justin's mother as well as his father.[1] Following a hearing, the District Court found that the mother is unable to protect Justin from jeopardy, and that those circumstances are unlikely to change within a time reasonably calculated to meet his needs. 22 M.R.S.A. § 4055(1)(B)(2)(b)(i). The court further found that the mother is unable to take responsibility for Justin within a time that is reasonably calculated to meet his needs. 22 M.R.S.A. § 4055(1)(B)(2)(b)(ii). In addition, the court found that termination was in Justin's best interest, 22 M.R.S.A. § 4055(1)(B)(2)(a), and entered a judgment terminating the mother's parental rights. The mother filed this direct appeal pursuant to 22 M.R.S.A. § 4006 (1992), contesting the court's findings.

We will affirm an order terminating parental rights if a review of the entire record shows that the District Court could have found clear and convincing evidence to support the statutory bases for termination. *In re Elijah R.*, 620 A.2d 282, 284 (Me.1993). "When clear and convincing evidence is required, we review whether the factfinder could reasonably have been persuaded that the required factual findings were proved to be highly probable." *In re Jeffrey E.*, 557 A.2d 954, 956 (Me.1989) (citing *In re Misty Lee H.*, 529 A.2d 331, 333 (Me.1987)). We will vacate the judgment only if the trial court's findings are clearly erroneous. *In re Christina H.*, 618 A.2d 228, 229 (Me.1992).

The mother contends that the Department failed to meet its evidentiary burden as to her ability to protect Justin from jeopardy because she ended her relationship with the perpetrator of Justin's injuries, because there is no evidence that her substance abuse problems have had an impact on Justin, and because she has never been homeless

---

1. Justin's father was apparently living in New Jersey and had not been served with the complaint for termination of parental rights when this case came on for hearing. Accordingly, the court did not act with respect to the father.

notwithstanding the evidence in the record of her frequent moves. But as the court noted in its extensive and thoughtful opinion, the record amply demonstrates that the jeopardy to which this child has been exposed is not merely a function of his mother's relationship with a violent perpetrator, but stems primarily from her chronic history of substance abuse beginning when she was a small child.

Although the mother's testimony was that learning of the Department's decision to terminate her parental rights motivated her to confront her substance abuse, and despite evidence suggesting that the mother may have made some progress in dealing with it, the finding that Justin's mother remains a chronic abuser of drugs and alcohol is supported by ample evidence in the record. In particular, as recently as February of 1993, the mother was still not complying with the recommendations of her therapist that she participate fully in Alcoholics Anonymous and abstain completely from intoxicating substances. The finding that Justin's mother is unwilling or unable to protect him from jeopardy, and that these circumstances are unlikely to change within a time that is reasonably calculated to meet his needs, is not clearly erroneous. *See Elijah R.,* 620 A.2d at 285. Likewise, because of the mother's substance abuse problems and her inability to provide a stable home environment, the trial court's finding that she is unable to take responsibility for Justin within a time that is reasonably calculated to meet his needs is amply supported in the record.

■ In addition to meeting its burden of proof as to jeopardy, it is also necessary for the Department to prove independently by clear and convincing evidence that termination is in the best interests of the child. *Christina H.,* 618 A.2d at 231. Evidence of a parent's inability to protect her child from jeopardy is also relevant to whether termination is in the child's best interests. *Elijah R.,* 620 A.2d at 285; *see also In re Hope H.,* 541 A.2d 165, 167 n. 4 (Me.1988) (suggesting that when a parent's shortcomings rise to the level of jeopardy, termination may be *ipso facto* in the child's best interest). Courts should be cautious, however, in finding that termination is in a child's best interests when, as occurred in this case, the Department restricts the parent-child contact by instituting child protective proceedings and then cites the lack of a normal parent-child relationship as evidence that the "best interests" test is satisfied. *See Santosky v. Kramer,* 455 U.S. 745, 763, 102 S.Ct. 1388, 1400, 71 L.Ed.2d 599 (1982) (noting the dangers inherent in the state's "power to shape the historical events that form the basis for termination"); *Hope H.,* 541 A.2d at 167 (noting that a child may benefit from preserving a limited relationship with a parent despite the parent's inadequacies). The evidence in the record as to the relationship between Justin and his mother suggests that *some* degree of parent-child bond has endured despite all that has transpired. Nevertheless, in light of the evidence of the mother's ongoing substance abuse, her inability to provide a stable home environment, and of Justin's need for such an environment, we cannot say that the trial court clearly erred in finding that termination is in Justin's best interest. *See* 22 M.R.S.A. §§ 4003, 4050 (1993) (policy and purposes of Child and Family Services and Child Protection Act, recognizing that instability and impermanence are contrary to the welfare of children, and emphasizing the permanent placement of children who cannot be reunified with their families).

■ Although we affirm the judgment, we share the concern expressed by the District Court that the Department, in acting unilaterally to cease efforts to reunify Justin and his mother, failed to meet its obligations pursuant to 22 M.R.S.A. § 4041 (1992) (requiring the Department to develop a family reunification plan for children in its custody, and to make a good faith effort to implement the plan). Section 4041 requires the Department to "petition for termination of parental rights at the earliest possible time that it is determined that family reunification efforts will be discontinued ... and that termination is in the best interests of the child." 22 M.R.S.A. § 4041(A)(6). Unfortunately, and contrary to the statute, the Department in this case waited more than five months after making the decision to discontinue its efforts to reunify Justin with his mother before it

filed the termination petition. As the court properly noted, however, the Department's failure to meet its reunification obligations is only one factor to be considered in a termination case. *In re David H. & Virginia H.*, 637 A.2d 1173, 1176 (Me.1994); *Christina H.*, 618 A.2d at 230. The court considered this factor and explicitly concluded that more vigilant attention to the reunification statute by the Department would not have affected the mother's lack of progress with her substance abuse problem. Therefore, we cannot agree with the mother's contention that the Department's failure to meet its reunification obligations compels us to vacate the termination.

The entry is:

Judgment affirmed.

All concurring.