Dorothy MARIELLO

v.

Gabriel GIGUERE.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 5, 1995.

Decided Nov. 14, 1995.

Dana E. Prescott, Potter, Prescott & Jamieson, P.A., Saco, for Plaintiff.

James P. Boone, Biddeford, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Gabriel Giguere appeals from the judgment entered after a jury-waived trial in the Superior Court (York County, *Fritzsche, J.*) that awarded Dorothy Mariello damages, attorney fees, interest, and costs for Giguere's violation of the Unfair Trade Practices Act, 5 M.R.S.A. §§ 205–A to 214 (1989 & Supp. 1994) (UTPA), and for fraudulent misrepresentation. Mariello challenges the vacation of a default judgment against Giguere pursuant to M.R.Civ.P. 60(b). We vacate that part of the judgment based on the UTPA and affirm that part based on fraudulent misrepresentation.

In 1989 Giguere visited Mariello's home in Old Orchard Beach to sell her vinyl replacement windows. Giguere was at the time employed by Airtight, Inc., a Maine corporation owned in part by his wife, Kathy Giguere. Giguere proceeded to give Mariello a demonstration of a double-hung window manufactured by Bishop Manufacturing of Bridgeport, Connecticut. Mariello was particularly impressed with a feature on the window that allowed it to lock when partially open. Mariello contracted for the purchase of thirteen windows of the type shown to her. After repeated inquiries, seven of the windows arrived, but they were not the type Mariello had seen demonstrated and thought she had bought. Mariello refused to pay the installers for the seven incorrect windows, at which time Giguere was called. Giguere arrived and told Mariello that the windows she was originally shown would not fit in her home. This was the first time Mariello was told she would not get the windows she wanted. Mariello allowed installation of the windows and paid Giguere half the money owed.

The remaining windows were later delivered and installed. Ultimately, Mariello received one of the double-hung windows that was originally shown to her, but the remaining twelve were "sliders," i.e., they opened by sliding from side to side. Following installation of the windows Mariello immediately noticed problems. Her home was colder, and within six months of installation one of the windows had cracked. In addition, many of the windows collected condensation, causing the growth of mold on the vinyl casings.

Two of the windows also leaked when it rained. Mariello attempted to get help with the problems from Giguere and Airtight under the warranties provided to her, but their response was that her complaint was with Bishop, the manufacturer of the windows.

Mariello filed suit against both Giguere and Bishop Manufacturing in 1991. Counts I and II alleged, respectively, fraudulent misrepresentation and a violation of the UTPA by Giguere, and Counts III and IV sought recovery from Bishop on theories of a violation of express and implied warranties. Both defendants failed to appear for a nonjury trial and were defaulted by the court. At a hearing on the issue of damages, judgment was entered against both defendants, jointly and severally, in the amount of $9,975, plus interest and costs. Judgment was also entered against Giguere on Mariello's UTPA claim for attorney fees of $1,000 and attorney expenses of $283.25.

Giguere's motion for relief from the default as to Counts I and II, pursuant to M.R.Civ.P. 60(b)(1) and (6), was granted and a nonjury trial was held. The parties stipulated to the amount of damages and to the fact that the windows sold to Mariello were defective. The sole issue at trial was Giguere's personal liability for the judgment. Ruling from the bench, the court directed the entry of a judgment in favor of Mariello against Giguere in the amount of $9,975 plus interest, attorney fees of $1,000, and attorney expenses of $283.25.

■ We first address Mariello's challenge to the action of the trial court in vacating the default judgment against Giguere. The court's decision is to be afforded considerable deference. *Theriault v. Gauthier,* 634 A.2d 1255, 1256 (Me.1993).

■ In order to prevail in his motion for relief, pursuant to M.R.Civ.P. 60(b)(1), Giguere is required to "demonstrate a reasonable excuse for the default and a meritorious defense to the underlying action." *Id.* at 1256. Giguere argues that (1) based on a conversation he had with Mariello's attorney, his understanding was that the claim against him personally would not be pursued, and (2) he received no notices from the clerk's office

subsequent to the filing of his answer. In an affidavit Giguere raises as a defense to the claim that he was at all times acting within the scope of his employment for Airtight, Inc., the retailer of the windows.

In *Schmid Bros., Inc. v. Roberts*, 538 A.2d 291, 293 (Me.1988), we affirmed the grant of a Rule 60(b)(1) motion based on the defendant's reasonable reliance on assurances given to him by an employee of the plaintiff that service of notice on the defendant was an error. Here Giguere was given the impression by plaintiff's *counsel* that the claim against him would be dropped in favor of claims against his employer, Airtight, Inc. Relying on counsel's representation, Giguere did not find it unusual that he had received no notices from the clerk. In these circumstances the court acted within its discretion in granting relief from the default judgment.

Mariello's complaint contains two counts against Giguere. Count I is based on a claim of fraudulent misrepresentation, while Count II is based on a violation of the UTPA. The trial court did not distinguish between these two counts when it awarded damages. However, because attorney fees are available only if Mariello succeeds on her UTPA claim, we do find it necessary to distinguish the claims.

## UTPA

■ We have previously stated that the private action provided in section 213 of the UTPA is limited to a restitutionary remedy requiring the consumer to demonstrate (1) a loss of money or property and (2) a benefit conferred on the person causing the loss. *Kleinschmidt v. Morrow*, 642 A.2d 161, 165 (Me.1994). In the instant case there is sufficient evidence to support a presumed finding of loss to Mariello. There is no evidence, however, to support a finding that any benefit was conferred on Giguere. The record reflects that he received a salary but no commission from Airtight. Unfortunately for Mariello, a recent amendment expanding the damages recoverable pursuant to section 213 is not applicable to this case. *See* P.L.1991, ch. 536 (applicable only to actions filed after the effective date). Given that amendment, the presumed finding of loss to Mariello would constitute such damages. There

would be no need to establish any benefit conferred on Giguere.

## Fraudulent Misrepresentation

■ To prevail on her claim of fraudulent misrepresentation, Mariello must show:

(1) that [Giguere] made a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing [Mariello] to act in reliance upon it, and (5) [Mariello] justifiably relied upon the representation as true and acted upon it to [her] damage.

*Guiggey v. Bombardier*, 615 A.2d 1169, 1173 (Me.1992) (citation omitted). Each of those elements must be proved by clear and convincing evidence. *Butler v. Poulin*, 500 A.2d 257, 260 n. 5 (Me.1985). In order to affirm a judgment when the standard of proof is by clear and convincing evidence, we must determine "that the factfinder could reasonably have been persuaded that the required findings were proved to be highly probable." *In re Justin T.*, 640 A.2d 737, 738 (Me.1994) (citations omitted).

■ Giguere's main contention on appeal is that it is immaterial that the windows delivered to Mariello were different than those she was shown. To be material, the false or fraudulent representation must "not only influence the buyer's judgment in making the purchase but also must relate to a fact which directly affects the value of the property sold." *Bolduc v. Therrien*, 147 Me. 39, 43, 83 A.2d 126, 129 (1951). The double-hung window that was shown to Mariello contained many features not available on the single-hung windows. The double-hung tilted inward for easy cleaning, locked when partially open, and opened by sliding up as opposed to sliding across. Mariello testified that the features of the double-hung window, in addition to the price, were important to her. A consumer's decision to buy a product is invariably affected by the specific features of the different models available for sale. Especially when each model is manufactured by the same company, those features, along with the price, dictate the model chosen. Therefore, a reasonable person would attach

significance to the type of window bought. For this reason, the court was correct in concluding that the false representation was material.

 Additionally, there was at least some evidence that the double-hung window that Giguere falsely represented to Mariello was of better quality than the single-hung windows she received. In the absence of a motion for specific findings of fact and conclusions of law, we assume that the trial court found all of the facts necessary to support its decision. *Smile, Inc. v. Moosehead Sanitary Dist.*, 649 A.2d 1103, 1106 (Me.1994). Thus, we find that the court was correct in its conclusion that Giguere falsely represented the type of windows that Mariello was to receive.

The entry is:

Judgment modified to delete attorney fees of $1,000 and expenses of $283.25; and, as so modified, affirmed.

All concurring.