**In re DENISE M., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 20, 1995.
Decided Jan. 30, 1996.

Peter J. Kaynor, Joyce, Dumas, David & Hanstein, P.A., Mexico, David W. Austin, Rumford, for Appellants.

Andrew Ketterer, Attorney General, Nora Sosnoff, Assistant Attorney General, Augusta, for Appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Sara M. and Eugene B. separately appeal from the judgment of the District Court (Rumford, *Sheldon, J.*) terminating their respective parental rights. They argue the Department of Human Services failed to make good faith efforts to rehabilitate and reunite the family as is required by 22 M.R.S.A. § 4041(3) (1992) before termination of their parental rights. They argue further that the trial court erred in making the factual findings required by 22 M.R.S.A. § 4055 (1992 & Supp.1995) before parental rights may be terminated. We affirm the judgment.

I

Sara M. is the mother of Denise M., born in 1988, Scott B., born in 1989, and Shane B., born in 1993. Denise's father is unknown. Eugene B. is the father of Scott and Shane. Sara and Eugene are unmarried. Both Sara and Eugene are mentally handicapped. Eugene is an alcoholic with a history of periods of abstinence followed by relapse. Scott and Shane exhibit developmental problems. It is

undisputed that both Sara and Eugene love the children and wish to maintain contact with them. They do not seek to have the children returned to their custody.

The Department of Human Services became involved with Sara and Eugene on an ongoing basis in January 1991 following a referral by the Rumford Police Department. From January 1991 until April 1993 the Department instituted a variety of services [1] in an effort to protect and care for Denise and Scott [2] and to address Sara's and Eugene's parenting problems. On April 1, 1993, the Department filed a petition for a child protection order pursuant to 22 M.R.S.A. §§ 4035–4036 (1992 & Supp.1995) [3] seeking to have custody of Denise and Scott awarded to the Department. In June 1993 the De-partment moved to amend the petition to add Shane following his birth.

A guardian ad litem appointed for the children pursuant to 22 M.R.S.A. § 4005 (1992 & Supp.1995) reported to the court in July 1993 that Denise and Scott suffered from emotional abuse and neglect and that the parents had made "little if any" progress toward insuring the children a safe and nurturing environment. He recommended that custody of all three children be awarded to the Department. In August 1993 the court awarded custody of Denise to the Department but denied the Department's petition with respect to Scott and Shane, allowing the boys to remain with Sara and Eugene.

Less than a month later Scott, then three years old, fell from the second story balcony

---

1. Services provided to Sara and Eugene by the Department of Human Services included child protective services, public health nursing, home health nursing, parenting education, individual counseling, relationship counseling, substance abuse counseling, detox, Alcoholics Anonymous, day care, transportation, Literacy Volunteers tutoring, speech therapy for Scott, child development services, referrals to the Bureau of Mental Retardation and the Bureau for Children with Special Needs, general assistance, glasses for Sara and Eugene, and dental care.

2. Shane was not yet born.

3. 22 M.R.S.A. § 4035 (1992) provides in pertinent part:

1. Hearing required. The court shall hold a hearing prior to making a final protection order.

2. Adjudication. After hearing evidence, the court shall make a finding, by a preponderance of the evidence, whether the child is in circumstances of jeopardy to his health or welfare.

3. Grounds for disposition. If the court determines that the child is in circumstances of jeopardy to his health or welfare, the court shall hear any relevant evidence regarding proposed dispositions, including written or oral reports, recommendations or case plans. The court shall then make a written order of any disposition under section 4036.

22 M.R.S.A. § 4036 (1992 & Supp.1995) provides in pertinent part:

1. Disposition. In a protection order, the court may order one or more of the following:

A. No change in custody;

B. Departmental supervision of the child and family in the child's home;

C. That the child, the custodians, the parents and other appropriate family members accept treatment or services to ameliorate the circumstances related to the jeopardy;

D. Necessary emergency medical treatment for the child when the custodians are unwilling or unable to consent;

E. Emancipation of the child, if the requirements of Title 15, section 3506–A are met;

F. Removal of the child from his custodian and granting custody to a noncustodial parent, other person or the department;

F–1. Removal of the perpetrator from the child's home, prohibiting direct or indirect contact with the child by the perpetrator and prohibiting other specific acts by the perpetrator which the court finds may threaten the child;

G. Payment by the parents of a reasonable amount of support for the child as determined or modified according to Title 19, chapter 7, subchapter I–A;

G–1. The department has no further responsibility under section 4041 and, when the child has been placed in custody of the department, shall move forward in a timely fashion to make permanent plans for the child;

H. Other specific conditions governing custody; or

I. The court may not order and the State may not pay for the defendant to attend a batterers' intervention program unless the program is certified under Title 19, section 770–C.

2. Principles. In determining the disposition, the court shall apply the following principles in this priority:

A. Protect the child from jeopardy to his health or welfare;

B. Give custody to a parent if appropriate conditions can be applied;

C. Make disposition in the best interests of the child; and

D. Terminate department custody at the earliest possible time.

of the family's apartment and suffered severe injuries. The Department immediately sought and obtained from the court a preliminary child protection order pursuant to 22 M.R.S.A. § 4034 (1992)[4] awarding custody of Scott and Shane to the Department. Sara and Eugene agreed to an order that the boys would remain in the temporary custody of the Department.

On September 30, 1993, the Department filed a petition seeking to have permanent custody of Scott and Shane awarded to the Department. The court consolidated all protective custody matters involving Denise, Scott, and Shane into a single action. On February 1, 1994, the court, on the agreement of all the parties, awarded custody of all three children to the Department. The court ordered that Sara and Eugene attend parent education training and participate in couples counseling and that Sara participate in individual counseling and batterer's counseling. The court order provided that Sara and Eugene retained the right to regular supervised visits with the children.

Eight weeks later the Department notified Sara and Eugene it was ceasing its efforts to reunite the family. Sara filed a motion to dismiss the Department's petition for child protection on the ground that the Department unilaterally had ceased reunification services. Immediately after the expiration of the statutory[5] three-month waiting period following the February 1 order awarding custody of the children to the Department, the Department filed a petition to terminate Sara's and Eugene's parental rights pursuant to 22 M.R.S.A. § 4055 (1992 & Supp.1995).[6]

In May 1994 the court denied Sara's motion to dismiss the Department's child protection action on the ground that the Department enjoys co-extensive authority with the courts to cease reunification efforts unilaterally. 22 M.R.S.A. § 4041(2) (1992). Following a hearing, the court terminated Sara's parental rights with respect to Denise, Scott, and Shane and Eugene's parental rights with respect to Scott and Shane effective January 13, 1995. Sara and Eugene separately appealed to this Court directly pursuant to 22 M.R.S.A. § 4006 (1992). Their appeals were joined for determination by this Court.

## II

■ Sara and Eugene first challenge the sufficiency of the evidence on which the court terminated their parental rights. We affirm an order terminating parental rights when a review of the entire record demonstrates that the trial court rationally could have found clear and convincing evidence in that record to support the necessary factual findings as to the bases for termination provided in section 4055(1)(B)(2). *In re David H.*, 637 A.2d 1173, 1175 (Me.1994). The requirement pursuant to section 4055(1)(B)(2) that clear and convincing evidence must establish the necessary findings before parental rights may be terminated obliges us to determine if the

---

**4.** 22 M.R.S.A. § 4034 (1992) provides in pertinent part:
  2. Order. If the court finds by a preponderance of the evidence presented in the sworn summary or otherwise that there is an immediate risk of serious harm to the child, it may order any disposition under section 4036. A preliminary protection order shall automatically expire at the time of the issuing of a final protection order under section 4035.

**5.** 22 M.R.S.A. § 4052(2) (1992).

**6.** 22 M.R.S.A. § 4055(1) (1992) provides in pertinent part:
  1. Grounds. The court may order termination of parental rights if:
  . . . .
    B. Either:
    (1) The parent consents to the termination. Consent shall be written and voluntary and knowingly executed in court before a judge.

The judge shall explain the effects of a termination order; or
    (2) The court finds, based on clear and convincing evidence, that:
      (a) Termination is in the best interest of the child; and
      (b) Either;
      (i) The parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs;
      (ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs;
      (iii) The child has been abandoned; or
      (iv) The parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041.

trial court reasonably could have been persuaded on the basis of evidence on the record that the required factual findings were "highly probable." *Id.*

■ The Department's petition to terminate parental rights alleges that Sara and Eugene are unwilling or unable to protect their children from jeopardy and these circumstances are unlikely to change in time to meet the children's needs. 22 M.R.S.A. § 4055(1)(B)(2)(b)(i) (1992). The petition further alleges that Sara and Eugene have been unwilling or unable to take responsibility for their children within a time reasonably calculated to meet the children's needs. 22 M.R.S.A. § 4055(1)(B)(2)(b)(ii) (1992). Clear and convincing evidence of either circumstance, coupled with a finding that termination is in the children's best interests pursuant to section 4055(1)(B)(2)(a), provides sufficient ground to terminate parental rights. The record here reveals clear and convincing evidence to support the judgment to terminate Sara's and Eugene's parental rights pursuant to section 4055.

A parent educator testified that after two different training efforts Eugene could not be helped further. A clinical social worker testified after seven individual counseling sessions with Sara and fourteen with Sara and Eugene together over the course of more than a year that the counseling was not particularly effective. A substance abuse counselor testified that when she saw Eugene he suffered from alcoholism in an early stage of remission. A licensed psychological examiner testified that Sara is mentally retarded and suffers from deficits of memory and information retrieval, poor concentration, and poor impulse control. The psychological examiner testified further that Sara has difficulty recognizing when the children are vulnerable to physical risk. She testified that

Eugene is borderline retarded. The licensed foster parent caring for Scott and Shane testified that both boys exhibit speech difficulties and have special needs. She also testified the children show no distress when their parents leave at the end of supervised visitations. The landlord testified he saw Scott, then age three, playing unattended on the balcony minutes before he fell to the concrete below. The guardian ad litem appointed to represent the interests of the children concluded Sara and Eugene could not make the kind of progress necessary to reunite with their children within a time period reasonably calculated to meet the children's need for a permanent home.

The record includes ample testimony to support the court's determination that clear and convincing evidence establishes the findings necessary to terminate Sara's and Eugene's parental rights.

### III

■ Sara and Eugene also allege failure by the Department of Human Services to meet its statutory reunification obligation pursuant to 22 M.R.S.A. § 4041 (1992).[7] They point out that a Department of Human Services caseworker revealed on cross-examination that a Department counselor recommending termination of parental rights wanted to adopt Denise. At the time of the termination proceedings Denise was living in the foster care of the Department counselor. Sara and Eugene contend that because of this conflict the Department did not pursue vigorously the reunification of the family.

Although it would have been the better practice for the Department candidly to declare the development of such a conflict of interest rather than have it revealed on cross-examination, the record contains no evidence of a lack of good faith on the part of

---

7. 22 M.R.S.A. § 4041 (1992) provides in pertinent part:
  1. Rehabilitation and reunification. When a child has been ordered into the custody of the department under this chapter ... the responsibility for reunification and rehabilitation of the family shall be shared as follows.
    A. The department shall:
    (1) Develop a rehabilitation and reunification plan which shall include the following:

....
(2) Provide the parents with prompt written notice of the following, unless that notice would be detrimental to the best interests of the child:
....
(3) Make good faith efforts to cooperate with the parents in the development and pursuit of the plan;
....

the Department in seeking the release of the children for adoption.

Good faith action on the part of the Department to effect reunification of the family pursuant to section 4041 is established by a preponderance of the evidence. Witnesses testified that the Department provided extensive services for more than two years in an effort to help Sara and Eugene overcome their parenting disabilities. The evidence is sufficient to support the finding of a good faith reunification effort on the part of the Department.[8]

The entry is:

Judgment affirmed.

All concurring.

8. Although we find here no lack of good faith in the reunification effort, it should be noted that we have construed section 4041 as not requiring a discrete element of proof of good faith before parental rights may be terminated. *In re Daniel C.,* 480 A.2d 766, 771–72 (Me.1984). There is no indication in the express terms of section 4041 that failure by the department to meet its reunification obligation will preclude termination of parental rights pursuant to section 4055 if the factual findings required by section 4055 are established by clear and convincing evidence. *Id.*