regarding management of the trust assets are provided to each trustee named in the will; no specific investment instructions, however, are provided to the City. Fourth, if Article Fourth of the will created two trustees, as the City claims, the meaning of the last line of Article Fourth—"I direct that no bond shall be required of said Trustee"—would be ambiguous. If the testator had intended the City to become a trustee, the word trustee should be plural or specific language identifying which trustee should be used. Fifth, Article Third of the will created a trust with the income eventually to be paid to the City for assistance to former Waterville public school teachers. In Article Third the testator chose to maintain a trust in possession of the original trustee, even though the City would become the income beneficiary. In light of the several other indicia of such intent, it is likely the testator intended, to the extent possible, a similar arrangement in Article Fourth. The testator did not intend to create a new trust with the City as trustee. The bequest to the City was conditioned on its acceptance and construction of the school.

■ The City next argues, relying on *Perry v. Town of Friendship*, 237 A.2d 405 (Me.1968), that the gift does not fail because a reasonable time must be measured from when the City as trustee actually gains possession of the trust assets. Because we conclude the will did not name the City as trustee, we do not address this contention or comment on its merits. Nevertheless, there remains the issue whether a reasonable time has passed so that the gift to the City must fail. We have stated:

> "Where no particular time is mentioned for the performance of a condition attached to a charitable grant, devise, or bequest, the law requires that it should be done in a reasonable time, to be determined from all the surrounding circumstances, and unreasonable delay may be considered as a refusal of the gift."

*Perry*, 237 A.2d at 408 (emphasis omitted) (quoting 14 C.J.S. *Charities* § 44, at 497, now § 30, at 201 (1991)); *see also Drew v. Wakefield*, 54 Me. 291, 293–94 (1865) (whether condition precedent or subsequent, reason-

able time elapsed after 11 years). In light of the City's failure to plan or construct a public school named for the Champlins, and the fact that nearly forty years has passed since the death of the last surviving income beneficiary, a reasonable amount of time has expired. *See Drew,* 54 Me. at 294 (delay of more than eleven years found unreasonable when testator left $16,000 in trust on condition it be used to build an asylum and farm school for indigent boys).

■ Finally, we do not find persuasive the City's argument for the application of the doctrine of *cy pres*. The Champlin will provides a specific alternative gift to Thomas J. Burrage in the event the gift to the City failed; thus *cy pres* is not applicable. *See City of Belfast v. Goodwill Farm,* 150 Me. 17, 23, 103 A.2d 517, 520 (1954) ("*Cy pres* is not applicable where there is a specific alternative gift effective on failure of the primary charitable gift.").

We need not reach the issues raised in the cross-appeal.

The entry is:

Judgment affirmed.

All concurring.

**In re LISA C.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1996.
Decided Oct. 30, 1996.

Paul Bourget, Bourget & Bourget, Augusta, Susan Hawkes (G.A.L.), Augusta, for Appellant.

Michael C. Kearney, Diane E. Doyen, Assistant Attorneys General, Augusta, for Appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

■ The mother of Lisa C. appeals from a judgment entered in the District Court (Augusta, *Perry J.*) terminating her parental rights to her daughter pursuant to 22 M.R.S.A. § 4055 (1992 & Supp.1995). The mother contends that the District Court erred in finding that she was unable or unwilling to take responsibility for her child

within a time reasonably calculated to meet the child's needs, 22 M.R.S.A. § 4055(1)(B)(2)(b)(i), and that termination was in the child's best interests, 22 M.R.S.A. § 4055(1)(B)(2)(a).

We find no error in the judgment of the District Court. There is clear and convincing evidence in the record that the mother is unable or unwilling to take responsibility for Lisa within a time reasonably calculated to meet her needs. Lisa was sexually abused by her father and the record reveals that the mother was unwilling to believe her. A non-offending parent's disbelief can cause the victim emotional harm beyond that caused by the sexual abuse. There is evidence in this record that the psychological harm to Lisa from the abuse was compounded by the mother's insistence that the charges were fabricated even after the father entered a plea of guilty.

The mother's inability to respond to her child's needs in coping with the abuse further supports the court's finding that termination was justified. Despite therapy, she failed to develop appropriate empathy for her daughter. Instead, the court found that she twice gave Lisa gifts from her father, while he was incarcerated, that caused Lisa further psychological harm. Lisa's foster mother testified that, following a visit with her mother, Lisa was concerned that her accusations could result in her parents' divorce and the loss of their home. The mother was also inconsistent in her attendance at group therapy and in her visits to Lisa. When the Department of Human Services urged her to attend individualized counseling sessions, she rejected two therapists and hired her own counselor. She refused, however, to release any of the information from these sessions to the Department of Human Services.

■ The court did not err in concluding that the termination of the mother's parental rights is in the best interests of Lisa. A child's best interests may be determined by considering factors such as the needs of the child, the child's age, attachment to relevant persons, periods of attachments and separation, ability to integrate into substitute placement or back into the parent's home, and the child's physical and emotional needs. *In re*

*Jason B.*, 552 A.2d 9, 11 (Me.1988). The facts confirm that Lisa's emotional stability has improved since being placed in foster care and that she has shown improvement in her behavior at school. Her teachers noted that Lisa's self-esteem has increased and she is more socialized and outgoing. Finally, Lisa does not trust her mother and desires to be adopted. There is sufficient evidence to support the court's finding, by clear and convincing evidence, that termination is in Lisa's best interests.

The entry is:

Judgment affirmed.

All concurring.