1998 ME 170

### In re HOPE M.

Supreme Judicial Court of Maine.

Submitted on Briefs June 29, 1998.

Decided July 9, 1998.

---

Richard W. McCarthy, Jr., Pittsfield, for appellant.

David Gray, Bangor, for mother.

Andrew Ketterer, Attorney General, Janice S. Stuver, Asst. Atty. Gen., Geoffrey Goodwin, Asst. Atty. Gen., Augusta, for appellee.

Laurie Anne Miller, Downeast Law Offices, P.A., Orrington, Guardian ad Litem.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] The father of Hope M. appeals from a judgment of the District Court (Newport, *Hjelm, J.*) terminating his parental rights to his daughter. 22 M.R.S.A. § 4055(1)(B)(2) (1992 & Supp.1997).[1] On appeal the father contends that the court erred in concluding that the Department of Human Services (the Department) was not required to demonstrate a substantial change in circumstances before bringing a second petition to terminate his parental rights and responsibilities. He also contends that there was insufficient evidence to support the court's finding that termination was in the best interests of the child. Finding no error, we affirm the judgment.

[¶ 2] The history of this action may be summarized as follows: A request for a child protection order was first filed in 1993 when the child was four years old. The court granted the order, concluding that the child was in jeopardy due to inappropriate physical discipline, inappropriate supervision, and a threat of physical and emotional abuse from her father. Custody was awarded to the maternal grandparents. The following year, the order was reviewed and custody of the child was awarded to the Department.

[¶ 3] In 1996, the Department filed a petition to terminate the father's parental rights. The court denied the petition on the grounds that, although the Department had shown by clear and convincing evidence that he was

---

1. The statute provides that the court may order the termination of parental rights if:
   (a) Termination is in the best interest of the child; and (b)
   (b) Either:
   (i) The parent is unwilling or unable to protect the child from jeopardy, and these circumstances are unlikely to change within a time reasonably calculated to meet the child's needs;
   (ii) The parent has been unwilling or unable to take responsibility for the child within a time reasonably calculated to meet the child's needs;
   (iii) The child has been abandoned; or
   (iv) The parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041.
   22 M.R.S.A. § 4055(1)(B)(2) (1992 & Supp. 1997).

"unable or unwilling to protect Hope from jeopardy and that this situation would continue beyond a time reasonably calculated to meet Hope's needs," a permanent separation from him was not then in the child's best interest. In its order, the court noted that its decision did not preclude the Department from filing a new petition if circumstances changed.

[¶ 4] The following year, the Department filed a second petition to terminate the father's parental rights. Following two days of testimony, the court concluded that the Department presented:

> more persuasive evidence in 1997 on Hope's best interests ... [t]hus, while Hope's situation has not changed significantly since 1996, and while changes in her life have been the foreseeable product of an additional year in foster care, the trial record now supports the Department's allegations that Hope's best interest would be served through termination.

The father now appeals this judgment.

[¶ 5] The father argues that the Department of Human Services must demonstrate a substantial change in circumstances prior to filing a second petition for the termination of parental rights. We disagree. Termination cases require that the trial court carefully evaluate both the best interests of the child and the ability of the parent to care for that child within the time frame established by the child's needs. 22 M.R.S.A. § 4055(1)(B)(2)(i) & (ii). The court is charged with a continuing concern for the safety and health of the child, and the statutory sensitivity to the passage of time mandates a low threshold for further consideration of the merits of this case. *See* Restatement (Second) of Judgments § 24 cmt. f (1982). ("[W]here important human values are at stake ... even a slight change of circumstances may afford a sufficient basis for concluding that a second action may be brought.").

■ [¶ 6] At the second hearing, evidence was presented to the court to support a finding of changed circumstances. The child's therapist testified that the child no longer wanted to be in foster care, and, although termination would adversely affect her, it was in her best interest to have parental rights terminated so that she could be freed for adoption. The child's foster mother testified that the child had been asking when they could adopt her and, although the child was upset with the separation from her father, she was adjusting. One of the evaluating psychologists testified that the child expressed interest in being adopted by her foster family and that she was strongly attached to the foster family. The psychologist also testified that, in his opinion, failing to provide the child with permanency through adoption would cause her long term injury. This testimony demonstrated a change in circumstances sufficient to permit consideration of the Department's second petition to terminate the father's parental rights.

■ [¶ 7] Finally, contrary to defendant's contention, reviewing the entire record, we conclude that the court could have rationally found clear and convincing evidence that it was in the child's best interest to terminate the father's parental rights. *See In re Denise M.,* 670 A.2d 390, 392 (Me.1995). *see also In re Lisa C.,* 684 A.2d 801, 802 (Me.1996).

The entry is:

Judgment affirmed.

