MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 130
Docket:        And-17-6
Submitted
  On Briefs:   June 14, 2017
Decided:       June 22, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

IN RE MACKENZIE P. et al.


PER CURIAM

[¶1]   The mother of Mackenzie P. and Antonio P. appeals from a judgment of the District Court (Lewiston, *Dow, J.*) terminating her parental rights to her children pursuant to 22 M.R.S. § 4055(1)(A)(1), (B)(2)(a), (b)(i)-(ii) (2016).   She challenges the sufficiency of the evidence to support the judgment and the court's discretionary determination of the children's best interests.   The mother also argues that she was deprived of due process because the court terminated her parental rights when the guardian ad litem (GAL) had not complied with 22 M.R.S. § 4005(1)(B) (2016).   Because the evidence supports the court's findings and discretionary determination, and we conclude that the mother received due process, we affirm the judgment.

[¶2]   Based on competent evidence in the record, the court found, by clear and convincing evidence, that the mother is unwilling and unable to protect the children from jeopardy and that these circumstances are unlikely

to change within a time that is reasonably calculated to meet the children's needs, she is unwilling and unable to take responsibility for the children within a time that is reasonably calculated to meet their needs, and termination of her parental rights is in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii). The court based these determinations on the following findings of fact.

[¶3] Although she succeeded in obtaining adequate and safe housing, the mother "failed to visit consistently with the children" and "regularly disappointed them by failing to appear at scheduled visits" in violation of the reunification plan she had agreed to with the Department of Health and Human Services.[1] The mother's behavior showed "a reckless disregard for the emotional health of [the] children" and—considering evidence that the mother could keep other appointments—"an unwillingness, not a mere inability," to comply with the reunification plan. Because the mother failed to comply with the reunification plan, she did not show progress in her ability to protect the children from unsafe people or supervise and care for them appropriately. The children, now twelve and seven, have been out of the

---

[1] The mother acknowledged that she had been inconsistent in visiting the children and in other areas of the reunification plan for about fourteen out of the eighteen months that elapsed between the children entering Department custody and the termination hearing. The record contains heartbreaking evidence of the children waiting for their mother to arrive at scheduled visits and being sad and disappointed time after time.

mother's care for over two years and need "protection and permanency." The elder child is "[e]xhausted" by the failed reunification process and wishes to be adopted. The younger child needs stability. Both children have bonded with the foster parents, who are willing to adopt them.

[¶4] Given these and other findings of fact, all of which are supported by competent evidence in the record, the court adequately explained how the mother is unwilling or unable to take responsibility for the children despite receiving eighteen months of reunification services and support from the Department. Although, as she points out, the mother recently became more consistent in attending counseling and in making phone calls to the children, the court did not err in considering her lengthy history of unsuccessful reunification efforts.[2] *In re B.P.*, 2015 ME 139, ¶ 19, 126 A.3d 713 (explaining that there is a limited time available for reunification efforts and "[i]n setting [the statutory] clock, the Legislature has spoken in terms of days and months, rather than in years" (quotation marks omitted)). Nor did the court err or

---

[2] Contrary to the mother's contention, the Department's decision to suspend visits with the children after the mother exhibited a pattern of nonattendance for the vast majority of these proceedings did not amount to a failure to facilitate reunification. *See In re Alexander D.*, 1998 ME 207, ¶ 15, 716 A.2d 222 ("The mother's engagement in court-ordered services had to be balanced against the Department's efforts to protect the best interest of the children, and to complete the children's transition into a permanent situation in a timely manner."); *see also In re Denise M.*, 670 A.2d 390, 394 n.8 (Me. 1996) ("Although we find here no lack of good faith in the reunification effort, . . . [t]here is no [statutory] indication . . . that failure by the department to meet its reunification obligation will preclude termination of parental rights . . . if the [requisite] factual findings . . . are established by clear and convincing evidence." (citation omitted)).

4

abuse its discretion in determining that termination of the mother's parental rights with a permanency plan of adoption is in the children's best interests.[3] *See In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297.

[¶5] The mother also contends that the court violated her right to due process by ordering the termination of her parental rights when the GAL had exceeded the three-month period in which she was required to have in-person contact with the children and also filed a late report. *See* U.S. Const. amend. XIV, § 1; Me. Const. art. I, § 6-A; 22 M.R.S. § 4005(1)(B). She argues that the GAL's failure to fulfill these statutory duties prejudiced her. The court, however, acted at the mother's request to prevent any prejudice by excluding the GAL's testimony and the untimely report at the termination hearing. *Cf. In re Kaleb C.*, 2002 ME 65, ¶ 4 n.2, 795 A.2d 71 (explaining that the GAL's deficient performance did not affect the outcome of the termination proceedings). The mother points to no concrete prejudice resulting from the

---

[3] The mother contends that the court abused its discretion in making its best interest determination because it improperly relied upon the opinions and fourth report of the GAL although it had excluded the GAL's testimony and that untimely report. We find this argument unpersuasive. The findings the mother points to as stemming from the fourth report are supported elsewhere in the record, including the testimony of a caseworker and the GAL's earlier, properly admitted reports. To the extent that the findings supporting the court's discretionary best interest determination are contradicted by other evidence in the record, it was "the trial court's role to weigh and credit the evidence before it" and to accept and reject the evidence presented. *In re Scott S.*, 2001 ME 114, ¶ 35, 775 A.2d 1144.

court's evidentiary rulings.[4]  Moreover, based on the court's supported findings that the mother had failed to progress in reunifying with the children over a significant period of time and had exhibited "a reckless disregard" for the children's emotional well-being, the court's termination of the mother's parental rights was narrowly tailored to serve the compelling government interest in achieving permanency for the children.  *See* 22 M.R.S. §§ 4003(4), 4055(1)(B)(2)(b) (2016); *In re Thomas H.*, 2005 ME 123, ¶¶ 23-34, 889 A.2d 297; *In re Richard G.*, 2001 ME 78, ¶ 7, 770 A.2d 625.

The entry is:

Judgment affirmed.

---

Jeffrey S. Dolley, Esq., Dolley Law Firm, Lewiston, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Lewiston District Court docket number PC-2015-23
FOR CLERK REFERENCE ONLY

---

[4] The mother also argues—paradoxically, *see supra* n.3—that the absence of testimony and recent reports of the GAL prejudiced her.  There is no indication that the admission of the fourth report, which contained the GAL's most up-to-date observations and recommendations as to the children's best interest, would have altered the outcome of these proceedings as it was consistent with testimonial and other evidence on which the court properly relied in reaching its unfitness and best interest determinations.