Samuel R. TIBBETTS and Shirley K. Tibbetts

v.

Edward A. CARPENTER and Winifred C. Carpenter.

Supreme Judicial Court of Maine.

Sept. 6, 1978.

Richard W. Smith (orally), Bath, for plaintiffs.

Michael N. Westcott (orally), Damariscotta, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

This real action sought to resolve a dispute over the locus of the more southerly bound of defendants' land which separated it from that of the plaintiffs. Additionally, plaintiffs claimed a right to use a "woods road" which they "and their predecessors in title have used for a period in excess of twenty years." They also sought damages for the cutting of various forest products on their land by the defendants.

The case was referred and, in due course, the referee filed his report to which plaintiffs seasonably objected, but on defendants' motion the report was accepted. On order of a Justice of the Superior Court judgment was entered on January 9, 1976, *from which no appeal was taken.* Six months later plaintiffs filed a motion under Rule 60(b), M.R.Civ.P.,[1] for relief from that judgment, alleging that (1) two witnesses [2] "have come forward" who could give testimony which would support the plaintiffs' original position; (2) the line laid out in accordance with the judgment isolates a portion of the plaintiffs' land; and (3) one of the defendants' witnesses committed perjury several times [3] in his testimony. Rule 60(b), M.R.Civ.P.

---

[1] Although the plaintiffs base their motion on Rule 60(b), they misdesignated it as a "motion for a new trial." The motion was neither brought nor handled in compliance with the requirements of Rule 59(a) and (b), M.R.Civ.P., relating to motions for new trial.

[2] One of these witnesses has since died. His affidavit was attached to the motion.

[3] The plaintiffs' motion makes this allegation:
"That Defendants' witness, Woodbury Perry, committed perjury which was detrimental to the Plaintiffs' case in that he stated that there was no fence on the boundary line . . . between the Plaintiffs and the Defendants, and Plaintiff's [sic] new witnesses will verify that there was; that Perry testified . . . that he and his father cut for N. T. Fox on the premises in 1955 when, in fact, Mr. Perry's father died in 1933; that Mr. Perry testified that Mr. Oliver, a predecessor of Plaintiff, had maybe one cow when, in fact, Mr. Perry himself purchased a black horse from Mr. Oliver and knew of other animals that Mr. Oliver had; that Mr. Perry testified as to the location of the mill and sticking lumber . . . there and the new witnesses can verify who actually

The plaintiffs' motion was presented to a justice other than the one who had accepted the referee's report and ordered judgment. The motion was denied without explanation and this appeal ensued.

We deny the appeal.

■ A movant under Rule 60(b) "must present competent evidence from which the trial Justice in the exercise of sound judicial discretion could properly conclude that the . . . judgment was entertained within circumstances which Rule 60(b) recognizes as justifying [its] being set aside." *Sheepscot Land Corp. v. Gregory,* Me., 383 A.2d 16, 20 (1978).

■■ The record[4] of the hearing on the 60(b) motion consists only of oral argument before a single justice. Mere allegation of fact cannot be substituted for proof thereof. At best, we view this type of record as merely an offer of proof. However, we have reviewed it carefully as such in search of any potential facts therein described which would point to an abuse of judicial discretion, and we find none. *Reville v. Reville,* Me., 370 A.2d 249, 252 (1977); *Warren v. Waterville Urban Renewal Authority,* Me., 290 A.2d 362, 365 (1972).

■ The deceased witness was known at the time of the hearing before the referee. No effort was made to obtain his deposition nor was any medical evidence sought which would excuse this omission or the failure to subpoena the elderly witness. The only contact with the elderly witness was an interview "for approximately 5 minutes" by one of the plaintiffs prior to the referee's hearing. There was no suggestion as to what the testimony would be of the other "newly discovered" witness, one Roy Genthner. There was no error in disregarding this segment of the offer of proof. *Boynton v. Adams,* Me., 331 A.2d 370 (1975).

■ The second point lacks merit. The accuracy of the survey could have been tested before the referee, or by an appropriate appeal from the judgment based on his report. A Rule 60(b) motion seeking relief from that judgment is not an appropriate method of challenging the correctness of the underlying referee's report. *Cf. Mount Desert Yacht Yard, Inc. v. Phillips,* Me., 348 A.2d 16 (1975).

 The assertion that a witness committed perjury was supported only by assertions that certain facts testified to by one Woodbury Perry could now be disputed by another witness. The impact of the new evidence would be merely to impeach the testimony of defendants' witness and, since there is no suggestion that the referee relied on that testimony, we cannot conclude that a different result would be reached in the event the proffered evidence was introduced. *Boynton v. Adams, supra.*

The entry is:

Appeal denied.

Judgment affirmed.

---

stuck the lumber and show the pay slips to back up their statement."

4. Appellants did bring forward the record of the testimony before the referee, his report, docket entries, etc.