Nelson DANIEL

v.

Cleveland PALMER.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 5, 1990.

Decided Oct. 2, 1990.

Anthony K. Ferguson, Fales & Fales, Lewiston, for plaintiff.

Justin Leary, Lewiston, Christopher Taintor, Norman, Hanson & Detroy, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

Nelson Daniel appeals from the denial in the Superior Court (Androscoggin County, *Cole, J.*) of his motion to correct a judgment pursuant to M.R.Civ.P. 60(a) and 60(b). We affirm.

Acting pursuant to our mandate in *Daniel v. Ouellette*, 560 A.2d 566 (Me.1989), the Superior Court entered a judgment awarding Daniel damages of $2,250 against Palmer. Although Daniel filed no cross-appeal in the appeal by Ouellette from the original judgment, he now asserts that the entry of judgment inaccurately or mistakenly reported the jury verdict, and is therefore correctable under either Rule 60(a) or Rule 60(b).

Relief under Rule 60(a) is limited to correction of clerical mistakes. 2 Field, McKusick & Wroth, *Maine Civil Practice* (2d ed. 1970), § 60.2 at 72. The Superior Court's entry of judgment in accordance with our mandate clearly reflected the deliberate decision of the court; Rule 60(a) relief would therefore have been inappropriate.

We review the denial of relief under Rule 60(b) for abuse of discretion. *Laurel Bank and Trust Co. v. Burns*, 398 A.2d 41, 45 (Me.1979). Daniel bore the burden of making "some showing why he was justified in failing to avoid the mistake or the inadvertence," including the burden of producing competent evidence in support of his motion. *Id.* at 44–45. Daniel merely asserted that the jury verdict was mistakenly reported. He failed to produce any evidence whatsoever from which the Superior Court could have found that his assertion was correct. "Mere allegation of fact [in a Rule 60(b) motion] cannot be substituted for proof thereof." *Tibbetts v. Carpenter*, 391 A.2d 309, 311 (Me.1978). The Superior Court did not abuse its discretion, therefore, in denying relief under Rule 60(b).

The entry is:

Judgment affirmed.

All concurring.