### Roland A. THERIAULT

v.

### Constance R. GAUTHIER.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 5, 1993.

Decided Nov. 15, 1993.

---

Joanne I. Simonelli, Isaacson & Raymond, Lewiston, for plaintiff.

Michelle A. Small, Linnell, Choate & Webber, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendant Constance Gauthier appeals from an order of the Superior Court (Androscoggin County, *Bradford, J.*) denying her motion for relief from judgment. She contends that the Superior Court abused its discretion when it held that she had failed to demonstrate any basis for relief pursuant to M.R.Civ.P. 60(b). Finding no error, we affirm the judgment.

The record reflects that Constance and Gerard Gauthier owned a residence in Lewiston. In 1989, the residence was mortgaged to plaintiff Roland Theriault. The promissory note and mortgage designated Gerard and Constance Gauthier as the mortgagors, but Gerard alleges that he signed the documents both for himself and for his wife. In 1992, plaintiff filed a complaint for foreclosure against defendants. Gerard Gauthier was served in hand and Constance Gauthier was served by leaving a summons and complaint with Gerard at their residence. Both defendants failed to respond within 20 days as required by M.R.Civ.P. 12(a). Plaintiff then filed an affidavit and request for default. The clerk entered a default and sent copies of the default to both defendants at their residence. Thereafter, plaintiff moved for a default judgment of foreclosure against defendants, requesting an order of sale. Copies of his motion were sent to defendants by certified mail. On October 5, the Superior Court entered a judgment of foreclosure and order of sale by default and mailed copies of the judgment to defendants at their residence.

Constance Gauthier alleges that she first learned of the note, mortgage, and foreclosure action sometime between October 6 and October 14. Instead of filing an appeal or seeking to set aside the default judgment, Constance and her husband separately filed bankruptcy petitions on October 26. Several months later, the Bankruptcy Court granted plaintiff's motion for relief from the automatic stay permitting him to proceed with the foreclosure sale. Subsequently, Constance Gauthier filed a motion in the Superior Court seeking relief from the judgment, pursuant to M.R.Civ.P. 60(b). The court denied her motion because of her unexcused failure to appeal and the absence of a meritorious defense to the underlying action.

■ "[F]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." M.R.Civ.P. 55(c). We give considerable deference to the Superior Court's determination and will set it aside only for an abuse of discretion. *McNutt v. Johansen,* 477 A.2d 738, 740 (Me.1984); *Sheepscott Land Corp. v. Gregory,* 383 A.2d 16, 20 (Me. 1978).

■ Relief pursuant to Rule 60(b)(1) for excusable neglect requires defendant to demonstrate a reasonable excuse for the default and a meritorious defense to the underlying action. *A. Dean Corp. v. White,* 429 A.2d 1010, 1011 (Me.1981). The excusable neglect

standard of Rule 60(b)(1) is more stringent than the good cause standard of Rule 55(c). *Hamby v. Thomas Realty Associates,* 617 A.2d 562, 563–564 (Me.1992); *Michaud v. Mutual Fire, Marine & Inland Ins.,* 505 A.2d 786, 790 (Me.1986). Here, defendant argues that her failure to act is excused because she did not know about the foreclosure action until after the judgment was entered, and she then relied on the bankruptcy stay to protect her from the foreclosure sale. Because she was properly served in the foreclosure action, the Superior Court did not abuse its discretion in denying her motion.

Personal service may be made "[u]pon an individual ... by [leaving] cop[ies] of the summons and complaint ... at the individual's dwelling house ... with some person of suitable age and discretion...." M.R.Civ.P. 4. Defendant was served in accordance with the rule and was not entitled to rely on the subsequent bankruptcy filing to protect her interests in the foreclosure action. *See Hamby,* 617 A.2d at 563–564 (no excusable neglect where summons and complaint properly served on agent of partners); *Steel Service Ctr. v. Prince Macaroni Mfg. Co.,* 438 A.2d 881, 882 (Me.1981) (no excusable neglect where Massachusetts counsel neglected to forward summons to Maine counsel).

The entry is:

Judgment affirmed.

All concurring.