1999 ME 110

**Ralph A. BECK**

v.

**Yvonne M. BECK.**

Supreme Judicial Court of Maine.

Argued May 3, 1999.

Decided July 14, 1999.

---

David Q. Whittier (orally), South Paris, for plaintiff.

David W. Austin (orally), Rumford, for defendant.

Andrew Ketterer, Attorney General, James A. McKenna, Asst. Atty. Gen. (orally), Augusta, for intervenor Dept. of Human Services.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Ralph A. Beck appeals from the judgment entered in the Superior Court (Oxford County, *Perkins*, A.R.J) affirming the judgment of the District Court (Rumford, *Sheldon, J.*). The District Court denied Beck's motion for relief from a previous divorce judgment and granted the motion of Yvonne Beck, his former wife, for payment of child support arrearages. On appeal, Beck contends that the District Court (1) abused its discretion by denying his motion for relief from the portion of the divorce judgment ordering child support, and (2) erred in refusing to retroactively reduce his child support obligations. We find no error or abuse of discretion and affirm the judgment.

[¶ 2] Ralph Beck and Yvonne Beck were divorced on January 11, 1990. The divorce decree granted custody of their twin daughters, Erica and Monica, to Yvonne and ordered Ralph to pay child support in the amount of $75 per week per child. The court permitted Yvonne to live in the family home with her daughters until they turned eighteen years of age, but required Yvonne to pay half of the mortgage payment, totaling $268 per month.[1]

[¶ 3] Yvonne lived in the home with the twins, but failed to pay a total of $5,628 of her mortgage obligations. During that time, Ralph paid the amount Yvonne owed on the mortgage and paid Yvonne $2,635.50 for child support. Yvonne moved out of the family home in October of 1991 and Ralph moved in. Ralph continued to pay the mortgage, but discontinued paying child support because of financial troubles. At some point during 1991, one daughter, Erica, began living with Ralph.

[¶ 4] At the end of 1992, Erica returned to live with her mother and the other daughter, Monica, moved in with her father. Monica lived with Ralph until April of 1996, less than a year before her eighteenth birthday. During the times that either Monica or Erica was living with Ralph, Yvonne received AFDC payments from the Department of Human Services. Yvonne received a total of $15,240.48 for the support of both her children. Yvonne and the Department, however, contend that the children were never living with Ralph for such a prolonged period of time that the Department would have reduced

---

1. The divorce decree also required Ralph to pay Yvonne $10,000 by January 1, 1995 as a settlement of the distribution of their marital property and ordered Ralph to pay the $10,000 debt the couple owed to the IRS. In December 1991, Ralph filed for bankruptcy. The $10,000 settlement owed to Yvonne was discharged by the Bankruptcy Court, but the $10,000 owed to the IRS remained outstanding. Ralph did not pay the money owed to the IRS. The IRS began pursuing Yvonne for payments in August of 1996. Since that time, Yvonne has paid $6,159 of the $10,000 tax obligation Ralph was supposed to pay.

the AFDC payments to Yvonne had the Department known about the living arrangement.

[¶ 5] In October of 1996, pursuant to its statutory authority to enforce child support obligations on behalf of parents, *see* 19–A M.R.S.A. § 2102 (1998), the Department notified Ralph that he owed the Department and Yvonne $28,290, an amount that represents the total child support payments the divorce decree had required Ralph to pay, less the amount Ralph previously paid to Yvonne.[2]  On receipt of the Department's claim for child support arrearages, Ralph filed a motion for relief from the divorce judgment in the District Court, pursuant to M.R. Civ. P. 60(b)(5), (6).[3]  In addition to his contention that he should not be required to pay money to his former wife for the support of a child that resides with him, Ralph claimed that the parties had an oral agreement that Ralph would pay the entire mortgage in lieu of his child support payments.  Ralph asked the court to "relieve [him] from the requirement of the judgment that he pay child support to [Yvonne] for all periods of time that he had custody of one of the parties' minor children[,]" and alternatively asked the court to "find that [his] obligation for child support during this period in question[ ] has been satisfied, or released, or discharged by [him]."  Yvonne filed a motion for child support arrearage.  Ralph opposed that motion, raising the affirmative defense of accord and satisfaction.  The Department was granted leave to intervene and to seek payment of the arrearage.  The District Court entered a judgment in favor of Yvonne for $13,049.52 and in favor of the Department for $15,-240.48.  Following an unsuccessful appeal to the Superior Court, *see* M.R. Civ. P. 76D, Ralph filed this appeal.

[¶ 6] Because the Superior Court acted in an appellate capacity, we review directly the record of the District Court, *see Nordberg v. Nordberg*, 658 A.2d 217, 219 (Me.1995), to determine whether the District Court's denial of the Rule 60(b)(5) and 60(b)(6) motion for relief from judgment constituted an abuse of discretion, *see Key Bank of Maine v. Walton*, 673 A.2d 701, 703 (Me.1996).  A party seeking Rule 60(b) relief has the burden of proving that the judgment should be set aside.  *See Kolmosky v. Kolmosky*, 631 A.2d 419, 421 (Me.1993).

[¶ 7] A party subject to a valid divorce judgment cannot rely on a private agreement to ignore a court order to pay child support.  *See Fisco v. Department of Human Servs.*, 659 A.2d 274, 275 (Me. 1995); *Ashley v. State*, 642 A.2d 176, 176 (Me.1994).  The Legislature has set forth a specific procedure to follow to modify child support obligations when circumstances change.  *See* 19–A M.R.S.A. § 2009 (1998); *see also* 19–A M.R.S.A. § 1653(10)(A) (1998).  A party who files a motion to modify a child support obligation pursuant to 19–A M.R.S.A. § 2009(1) can request that a child support order be modified retroactively, but section 2009 specifically notes that the modification can be retroactively applied only from the date notice of the petition for modification was served on the other party, *see* 19–A M.R.S.A. § 2009(2).

2. The Department sought reimbursement of the $15,240.48 of AFDC payments the Department paid to Yvonne.  The remaining money, if paid by Ralph, would be disbursed to Yvonne as satisfaction of outstanding child support obligations.

3. M.R. Civ. P. 60(b)(5) and (6) provide:
   On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relieve from the operation of the judgment.  The motion shall be made within a reasonable time .... A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation....

[¶ 8] If Ralph and Yvonne had agreed to relieve Ralph of his child support payments and simultaneously relieve Yvonne of her mortgage payments, a court modification of the divorce judgment to reflect that agreement should have been sought. No such modification was sought prior to the time Ralph filed his Rule 60(b) motion for relief from judgment. Moreover, when the daughters' living arrangements changed, Ralph should have petitioned the court immediately for a modification of his child support obligations to reflect any such changes. By the time Ralph filed the motion for relief from the divorce judgment, the child support arrearages for which the Department and Yvonne now seek reimbursement had accumulated. Contrary to Ralph's contentions, the District Court does not have the authority to retroactively alter his child support obligations that accumulated prior to his motion for relief from the divorce judgment to reflect an alleged oral agreement between the parties and changes in the living arrangements of his daughters.[4] *See* 19–A M.R.S.A. § 2009(1), (2).

The entry is:

Judgment affirmed.

---

4. Ralph relies on this Court's decision in *Wood v. Wood*, 407 A.2d 282 (Me.1979), to contend that an additional common law exception to the general rule exists in circumstances where the child reaches the age of majority, is emancipated, or dies. In *Wood*, in addition to permitting courts to apply child support modifications retroactive to the date of the modification petition, we acknowledged that a divorce court has the authority to apply a modification of child support retroactively to reduce a parent's child support arrearages "[i]f the custodial parent is relieved of that obligation [to support the child] by the child's death, its emancipation, its achieving the age of majority, or otherwise . . . ." *See id.* at 287–88. The facts of this case do not implicate this common law exception to the prohibition against retroactive reduction of child support obligations.