STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-20
DHM - KEN - 8/30/2000

JAMES BROWN,

Petitioner

v.

DECISION AND ORDER

STATE OF MAINE, DEPARTMENT
OF HUMAN SERVICES,

Respondent

This matter is before the court on review of final agency action pursuant to M.R. Civ. P. 80C. The plaintiff was obligated by court order of February, 1991, to make child-support payments on behalf of his two minor children. From November of 1996, Miranda, one of his children, has lived with Brown. During that period until her 18th birthday, Brown refused to make any support payments. On January 14, 2000, the respondent served the petitioner with a notice of debt which alleged that he owed $17,253. Brown argued at the administrative hearing, as he does now, that he is entitled to have that portion of arrearages attributable to Miranda for the period during which she lived with him deducted from the total debt found by the hearing officer. The hearing officer refused to retroactively adjust the payment obligation and Brown now appeals that decision to this court.

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). Petitioner Brown argues in

brief that he is entitled to a reduction of the debt calculated by the hearing officer by the amount applicable to his oldest child, Miranda, during the period she was living with him.

A party who files a motion to modify a child support obligation pursuant to 19-A M.R.S.A. § 2009(2) (Supp. 2000) can request that a child support order be modified retroactively, but section 2009 specifically notes that the modification can be retroactively applied only from the date notice of the petition for modification was served on the other party. *See Beck v. Beck,* 1999 ME 110, ¶¶ 8-9, 733 A.2d 981, 984. The facts there were similar to those at bar. The responsible parent ceased to make child support payments in part because one of his children began living with him. The Court there stated that a court modification of the divorce judgment to reflect any agreement or change in the living circumstances of their children should have been sought. Without such modification the District Court did not have the authority to retroactively alter child support obligations that had *accumulated* prior to his motion for relief from the divorce judgment to reflect an alleged oral agreement between the parties and changes in the living arrangements of his daughters. *Id.*

Brown relies on *Wood v. Wood,* 407 A.2d 282, 287 (Me. 1979) for the proposition that the common law allows exceptions to this general rule against retroactive modification of support orders. While the court in dicta includes language which provides for narrow exceptions (death, emancipation, majority) the larger holding of *Wood* lends further support to the hearing officer's conclusions

2

below.[1]  Further, the responsible parent in *Beck* used *Wood* for the same proposition as does Brown.  The Court, while acknowledging the common law exceptions valid, found them inapplicable to those facts. *Id.* at n.4.  In addition to the narrowing effect of 19-A M.R.S.A. § 2009, not available to the *Wood* court, the facts are sufficiently similar here to find the common law exceptions inapplicable.

Here, the respondent does not have the authority to retroactively alter child support obligations that accumulated prior to Brown's request at hearing to have cash payments credited to his outstanding debt to reflect an alleged oral agreement between the parties or changes in living arrangements of Brown's children. *Id.; see also* 19-A M.R.S.A. § 2009 (1), (2).

There being no errors of law found in the administrative hearing  below, the entry  will  be:

> The  decision  of  the  Department  of  Human  Services  is AFFIRMED.

Dated:  August __, 2000

Donald H. Marden
Justice, Superior Court

---

    [1] Specifically, the court in *Wood* emphasizes the importance of the custodial parent to be able to rely upon an order of payments until some legal modification is executed.  Also integral to its reasoning is the court's disfavor of self-help regarding modification of support payments.

Date Filed __4/14/00__      __KENNEBEC__      Docket No. __AP 00 020__

County

**J. MARDEN**

Action _____ Petition for Review _____
80C

James Brown        vs. State of Maine, Dept of Human Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Ronald L. Bishop, Esq.<br>PO Box 34<br>Waterville ME 04903 | Raymond Ritchie AAG<br>Dept of Attorney General<br>6 State House Station<br>Augusta ME 04333 0006 |

| Date of Entry | |
|---|---|
| 04-14-00 | Petition for Review with attachments filed |
| 04-14-00 | Notice of Appearance, filed. s/R Ritchie AAG |
| 5/1/00 | Certified record filed. s/Ritchie AAG |
| 5/1/00 | Notice of briefing schedule mailed to attys of record. |
| 6/12/00 | Appellant, James Brown, Brief, filed. s/Bishop, Esq. |
| 07/18/00 | Respondent, State of Maine, Department of Human Services Brief filed on 7/17/00. s/R. Ritchie, AAG |
| 8/29/00 | Hearing had on oral arguments with Hon. Justice Donald Marden, presiding. Tape #541 Index 2024-2426<br>Ronald Bishop, Esq,. for the Plaintiff and Raymond Ritchie, AAG for the State.<br>Oral arguments made to the court.<br>Court to take matter under advisement. |
| 8/31/00 | DECISION AND ORDER, Marden, J.<br>The decision of the Department of Human Services is AFFIRMED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br><br>Notice of removal of record mailed. |

DONALD L GARBRECHT
LAW LIBRARY

SEP 11 2000