STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

MAR 1 9 2001

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-00-024
EAG-AND-3|19|2001

KIM A. JOHNSON,
Appellee,

v.

**ORDER**

TODD JOHNSON,
Appellant.

## PROCEDURAL HISTORY

Kim and Todd Johnson were divorced on September 12, 1991. Pursuant to that judgment, the parties' three minor children were to reside primarily with their mother, and Mr. Johnson was ordered to pay $100 per week in child support. Mr. Johnson's motion to reconsider that decision was denied by the trial court, and it became final thirty days later. Later in 1991 the parties filed cross-motions for contempt. Those motions were disposed of in December 1991.

On July 18, 2000, Mr. Johnson filed a Motion to Modify Child Support, alleging that his income had decreased and that the income of his former wife had increased. He also alleged that there had been some interim "agreement" between the parties that had caused him to pay more than $100 per week. He apparently believed that those payments should be viewed as a "credit" against future support obligations.

Two days later Ms. Johnson, now known as Kim Blake, filed a Motion for Contempt, alleging that Mr. Johnson had unilaterally ended support payments in May 2000. After a flurry of procedural filings, Mr. Johnson filed a second Motion to Modify, requesting that the court order the parties' children to reside with him 50%

of the time.

A case management conference was held on September 11, 2000. At that conference, CMO Carlson scheduled mediation on Mr. Johnson's motions for October 18, 2000.[1] On September 20, 2000, Ms. Blake's motion for contempt was heard by Judge Horton. In his Order, Judge Horton made specific findings of fact concerning the evidence that had been presented at trial. Based upon those findings, he found that Mr. Johnson's failure to pay child support after May 2000 had been willful and unjustified. Judge Horton found Mr. Johnson to be in contempt, ordered Mr. Johnson to pay the support arrears, $1,109.12[2], and imposed a sanction that would only become effective if Mr. Johnson failed to purge his contempt. The court also ordered Mr. Johnson to pay $982.50 for Coleman Coyne's fees, and allowed Attorney D'Auteuil to file a request for the fees incurred after he began his representation of Ms. Blake. Mr. Johnson filed a Motion requesting additional findings of fact on October 2, 2000 and, at the same time, filed this appeal to the Superior Court.[3]

---

[1] Mr. Johnson withdrew his second motion on October 18, 2000. On the same date, CMO Friedlander issued an Order based upon an agreement of the parties.

[2] At the hearing held on March 14, 2001, both sides agreed that there had been a clerical error in the amount ordered. Mr. Johnson should have been ordered to pay $1,019.12. Attorney D'Auteuil argued that the $90 "overpayment" should be applied to the attorney fees Mr. Johnson has not yet paid.

[3] Given the filing of the appeal, the District Court quite properly did not act on the motion for further findings. That motion is moot, as the findings made by the trial court were more than adequate for appellate review.

## ISSUES ON APPEAL

Appeals to the Superior Court from the District Court are governed by the following language in M.R.Civ.P. 76D:

> The appeal shall be on questions of law only and shall be determined by the Superior Court without jury on the record on appeal specified in Rule 76F. Any findings of fact of the District Court shall not be set aside unless clearly erroneous.

In this case, the court's finding concerning the defendant's ability to pay the support ordered was amply supported by the evidence presented at trial. While Mr. Johnson attempted to convince the court that his refusal to pay was not "contemptuous," the court's finding to the contrary was also supported by the evidence at trial. Mr. Johnson has failed to demonstrate that any of the trial court's findings were clearly erroneous.

Mr. Johnson has also failed to demonstrate that the trial court made any errors of law. Payments made by Mr. Johnson to Ms. Blake pursuant to their informal agreement could not be considered by the trial court, as those types of agreements are not recognized by the court:

> A party subject to a valid divorce judgment cannot rely on a private agreement to ignore a court order to pay child support. The Legislature has set forth a specific procedure to follow to modify child support obligations when circumstances change. A party who files a motion to modify a support obligation pursuant to 19-A M.R.S.A. § 2009(1) can request that a child support order be modified retroactively, but section 2009 specifically notes that the modification can be retroactively applied only from the date notice of the petition was served on the other party, see 19-A M.R.S.A. § 2009(2).

*Beck v. Beck*, at 1999 ME 110, ¶7, 733 A.2d 981, 983 (citations omitted). For the same reason, the court could not accept Mr. Johnson's argument that he had "overpaid" support during many of the months preceding May 2000, including the payment

made in February 2000. Ms. Blake's motion alleged that Mr. Johnson's contemptuous actions began in May 2000; her motion set the parameters for the court's review.

Finally, Mr. Johnson has failed to demonstrate that Judge Horton's award of attorney fees was an abuse of discretion. If there was a conflict of interest by Attorney Coyne, it was rectified as soon as it was brought to his attention. Even if there had been a conflict, that does not negate the legal work Attorney Coyne performed on behalf of Ms. Blake in an effort to force Mr. Johnson to comply with a court order. It is always difficult for one party to understand why he or she should be compelled to pay for another party's legal representation. In this case, however, it was Mr. Johnson's contempt that brought the action before Judge Horton. If he had filed a Motion to Modify support in May, when he stopped paying, the result might have been much different.

Many of the arguments presented by Mr. Johnson in the brief he filed in support of this appeal demonstrate misunderstanding of the law. While he is certainly entitled to represent himself in these proceedings, his ability to act as an effective advocate has been crippled by this lack of knowledge. This lack of understanding may also explain - although not excuse - the sometimes intemperate nature of his contacts with the court and with counsel for his former wife. Regardless of the disadvantage he created by failing to obtain legal assistance, ( a disadvantage he likens to the use of a "toys R us [sic] sword and no protective gear") it was not and is not appropriate for Mr. Johnson to "use any thing [sic] that might be available." The rules of court apply to all participants, as does the mandate that

all participants treat each other and the process with the dignity it deserves.

## ORDER

For the reasons stated above, Mr. Johnson's appeal is denied, and the District Court's Order of September 20, 2000 is affirmed. The $90 overpayment made by Mr. Johnson shall be applied to the outstanding attorney fees order. ·

This Order is to be incorporated into the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: March 18, 2001

_Ellen A. Gorman_
Ellen A. Gorman
Justice, Maine Superior Court