STATE OF MAINE
Androscoggin, ss

DONALD L. GARBRECHT
LAW LIBRARY

[MAY 6 2002

SUPERIOR COURT
Civil Action
Docket No. AP-01-009
TED- AND - 4/25/2002

DAVID PRATT,

    Appellant

v.

LINDA ARSENAULT

and

STATE OF MAINE,
DEPARTMENT OF HUMAN SERVICES,

    Respondents

)

**DECISION & ORDER**

RECEIVED & FILED

APR 2 5 2002

ANDROSCOGGIN
SUPERIOR COURT

## I. STATUS OF CASE

This is an appeal from the decision of a Department of Human Services (DHS) hearing officer finding that the appellant is required to pay back due child support of more than $7,000, notwithstanding that he has paid a like amount as part of an oral settlement agreement with a DHS agent for a compromise of the full amount.

## II. BACKGROUND

The facts are not disputed.

David Pratt and Linda Arsenault are the parents of Joshua Pratt, born October 28, 1984. On October 29, 1987, Pratt was ordered to pay $40.00 per week child support.

Pratt stopped making support payments in November of 1987, after making only one payment. On October 4, 1996, DHS served a notice of debt on Pratt stating that he owed an arrearage debt of $14,040. Pratt requested a hearing to review the amount owed. Prior to the hearing, however, Pratt entered into an oral agreement

that is the subject of the dispute currently before the court.

On November 20, 1996, the date of the scheduled hearing, there was a meeting involving Pratt, his attorney, Arsenault, and a DHS child support agent. The parties agreed that the amount of the outstanding debt would be reduced from $14,040 to $7,000, and that Pratt would begin paying the $40.00 weekly support plus an additional $25.00 toward the agreed-to arrearage of $7,000. It was further agreed that any state or federal tax refunds would also go to the debt.

Pratt then withdrew his request for a hearing. The parties did not enter the stipulated agreement on the record and no written agreement modifying the arrears was ever presented to a hearing officer.

As a result of the agreement, the DHS agent changed the DHS computer records to reflect the new amount of $7,000 owed. Pratt made payments through a payroll deduction, and paid off the $7,000 arrearage in the Spring of 2000.

In April 2000, Arsenault approached DHS seeking the remaining $7,000 owed to her under the original order. Because the child support order was never altered by written stipulation, or by a hearing, DHS served a second notice of debt on Pratt alleging an arrearage in the amount of $7,078.93 for the support of his son. It is from that decision that Pratt appeals.

## II. DISCUSSION

The hearing officer's decision that the amount of the debt was not altered by the oral agreement was based on several factors: (1) Even though Pratt withdrew his appeal, DHS never withdrew the notice of debt of $14,040; (2) no decision was ever entered reducing the amount of child support arrearage to $7,000; (3) there is nothing on the record to show that the reduction in the amount owed was due to any amount paid and not credited; (4) the agreement was an informal and incomplete attempt to modify a child support order not authorized by statute, 19-A M.R.S.A. § 2009; and (5) neither Pratt, Arsenault, nor the DHS agent had the

authority to amend the prior order for support.

In considering an appeal, the standard of review is whether the hearing officer abused his discretion, committed an error of law, or made findings not supported by substantial evidence in the record. 5 M.R.S.A. § 11007(4)(C) (1989); *Davric Maine Corp. v. Maine Harness Racing Comm'n*, 732 A.2d 289, 293 (Me. 1999).

In reviewing an agency decision, the issue before the court is not whether it would have reached the same conclusion as the agency, "but whether the record contains competent and substantial evidence that supports the result reached." *CWCO, Inc. v. Superintendent of Ins.*, 703 A.2d 1258, 1261 (Me. 1997).

In this case, the hearing officer found that the agreement reached on November 20, 1996, was actually an attempted retroactive modification of a child support order. Such a modification is prohibited under 19-A M.R.S.A. § 2009. The hearing officer relied on *Beck v. Beck*, 733 A.2d 981 (Me. 1999) in which the Law Court held that an obligor owes the amount of child support stated in the court's order until that amount is changed by the court. Parents may not by mutual agreement modify the court's order.

The hearing officer was, as is the court, sympathetic to Pratt's argument that he should have been able to rely on the 1996 agreement because it was made with a DHS agent. However, a determinative factor in the hearing officer's decision was the parties' failure to have the agreement placed on the record before a hearing officer, as required by DHS regulations (*Maine Child Support Enforcement Manual*, Chapter 13).

Although the facts surrounding the agreement in this case are not disputed, because DHS processes a large volume of support cases, there is a need for uniformity and certainty. There was at least as much responsibility, and certainly greater interest, upon Pratt and his attorney to formalize the agreement upon than DHS. In this respect, he and his attorney failed to follow through.

# IV. CONCLUSION

First, Pratt has not met is burden of proving that no competent evidence supports the decision. *Bischoff v. Bd. of Trustees*, 661 A.2d 167, 170 (Me. 1995) (The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the decision and that the record compels a contrary conclusion.).

The hearing officer's decision is supported by substantial evidence in the record. The facts are not contested. The only question, therefore, is whether the officer's decision was correct as a matter of law.

According to the *Maine Child Support Enforcement Manual*—which are DHS's regulations—an oral agreement between a responsible parent and a DHS representative must be entered on the record at a hearing in order to have any effect. (Manual, Ch. 13—Disposition by Settlement, Stipulation or Consent Decree). Thus, even if the parties had the authority to alter the amount of child support arrearage, their failure to comply with this requirement supports the hearing officer's determination that no valid reduction was achieved.

Furthermore, the authority cited by the hearing officer, and by DHS, supports the argument that no court-ordered child support arrangement may be altered without a court order. While Pratt correctly points out that this case is factually different from the cited authority (those cases all involve oral agreements reached between ex-spouses alone, while this agreement included DHS), the underlying rule from those cases is perfectly applicable here.

Finally, the hearing officer's determination that the attempted reduction was a prohibited retroactive modification of the support order is correct as a matter of law. In *Wood v. Wood*, 733 A.2d 981 (Me. 1999), the Law Court held that a retroactive reduction in arrearages was, in fact, an impermissible modification of a support order. *Id.* at 287.

## V. DECISION

Because the hearing officer did not abuse his discretion, because there was no error of law, and because the hearing officer's findings were supported by substantial evidence in the record, the clerk will make the following entry as the Decision and Order of the court:

Decision of the hearing officer is affirmed.

April 25, 2002

Thomas E. Delahanty II
Justice, Superior Court

Date Filed __April 17, 2001__    __ANDROSCOGGIN__    Docket No. __AP-01-09__

County

Action __APPEAL OF DECISION OF CHILD__
        __SUPPORT OBLIGATION__

DAVID S. PRATT                           LINDA ARSENAULT, Turner, Maine
Leeds, Maine                             MAINE DEPARTMENT OF HUMAN SERVICES
                                         Lewiston, Maine

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| James P. Howaniec, Esq.     BAR #3204<br>HOWANIEC & ASSOCIATES<br>145 Lisbon St., P.O. Box 655<br>Lewiston, ME 04243-0655 | Diane E. Doyen, AAG    (both Defendants)<br>DEPARTMENT OF THE ATTORNEY GENERAL<br>6 State House Station<br>Augusta, ME 04333-0006 |

| Date of Entry | |
|---|---|
| **2001**<br>May 2: | Received 4-17-01.<br>Filing fee paid. ($100.00) Rec. #4-17-01 #28<br>Summary Sheet, filed.<br>Petition for Judicial Review of Final Agency Action Pursuant to M.R.CIV. 80C and 5 M.R.S.A. §11001 et seq., filed. |
| "   " | Received 4-18-01.<br>Copy of Decision of Department of Human Services, filed. |
| "   " | Received 4-30-01.<br>Correspondence from Diane E. Doyen, AAG  RE:  entering her appearance on behalf of both defendants, filed. |
| May 10: | Received 5-9-01.<br>Certification of Record, filed. |
| "   " | On 5-10-01.<br>Notice and Briefing Schedule Rule 80C Appeal of Final Agency Actions mailed James P. Howaniec, Esq. and Diane E. Doyen, AAG on 5-10-01.  (Copy in file).<br>(Appellant's Brief due on or before June 18, 2001) |
| June 21: | Received 6-20-01.<br>Brief of Appellant David S. Pratt, filed.<br>(Appellee's Brief due on or before July 20, 2001.) |
| July 24: | Received 7-18-01.<br>Brief of the Department of Human Services, filed.<br>(Appellant's Reply Brief due on or before August 17, 2001) |
| Sept. 24: | On 9-18-01.<br>Oral Argument held this day.<br>After hearing held, court takes matter under advisement.<br>Delahanty, II, J., Presiding, no court reporter, James P. Howaniec for the Plaintiff and Diane E. Doyen for the defendants. |