STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 SEP 22 P 4: 11

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV02-665
REC-CUM - 9/22/2003

WAYNE ROBICHAUD and
GLENN ROBICHAUD, individually
and d/b/a J&T AUTO REPAIR AND
TOWING,
          Plaintiffs

v.

STEVEN KING, individually and d/b/a
KING'S RENTALS AND LEASING,
          Defendants

ORDER ON
DEFENDANT'S MOTION
FOR RELIEF FROM
JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

OCT 1 2003

## FACTUAL BACKGROUND

Defendant is a diesel mechanic who owns a small rental property in New Gloucester. Attached to the rental property is a house and a commercial repair garage with several work bays. In September 2001, Defendant orally agreed to a month-to-month tenancy at will with Plaintiffs Wayne and Glen Robichaud, who repair automobiles. In November 2001, Defendant and Plaintiffs executed a one-year lease. When the lease ended, Plaintiffs remained on the property.

During the time that Plaintiffs rented from Defendant, they accumulated a number of unregistered vehicles on the property. Plaintiffs allege that cars left on the rental property were moved and locked up without authorization. They also allege that Defendant either placed or allowed to be placed, tractor-trailers directly in front of the garage's cargo bay doors on the rental property, preventing the Plaintiffs from conducting their business. They claim these tractor-trailers remained in place until on or about January 6, 2003 and that after January 6, 2003, the tractor-trailers continued to move back and forth between the adjacent property and the garage's cargo bay doors.

Plaintiffs maintain that each time Defendant entered the rental property, he did so without providing reasonable notice to Plaintiffs.

On December 30, 2002, Plaintiff Wayne Robichaud commenced this action by filing a pro se complaint. Defendant was served a copy of this original complaint on January 3, 2003. On January 14, 2003, an amended complaint was filed with the assistance of counsel and the additional plaintiffs were added. The amended complaint was served on Defendant on January 21, 2003. In Count I of the amended complaint, Plaintiffs asserted the claim of illegal eviction and unlawful entry and requested damages, interest, cost and attorneys fees. In Count II of the amended complaint, Plaintiffs asserted the claim of intentional interference with business/economic advantage and sought damages for lost revenue and earnings, the aggregate costs and expenses for the prosecution of this action and a reasonable amount of attorneys fees.

On January 17, 2003, soon after Plaintiffs' departure, and soon after the filing of this lawsuit, Defendant's partner gave birth to Defendant's daughter. Defendant alleges that his partner's pregnancy had been extremely difficult. Medical records on Defendant's partner report that between January 17, 2003 and February 28, 2003, she suffered from either, and sometimes both, depression and anxiety disorder. On January 21, 2003, Defendant was served with the amended complaint. On February 11, 2003, the Plaintiffs filed a Motion for Default, and on February 12, 2003, Default was entered.

On February 25, 2003, Attorney Edward Rabasco wrote to Plaintiffs' counsel, referring to Defendant as "his client" and asking that, in light of the illnesses in Defendant's family, Defendant be allowed to file a late answer. Defendant was copied on this letter and alleges that because of it, he relied on Attorney Rabasco to protect his interests.

On April 4, 2003, the civil motion list was mailed to Defendant and included the damages hearing for this case. On April 14, 2003, doctors saw Defendant's baby for vomiting, diarrhea, and dehydration, and on April 18, 2003, Defendant's partner was seen for a sore throat and chest pain. On May 6, 2003, the Damages hearing was held. Three days later, on May 9, 2003, Defendant's partner was seen for "chest pain over the last week." Finally, on May 12, 2003, Judgment was entered for Plaintiffs, awarding them damages in the amount of twenty-five thousand dollars ($25,000) plus costs and interest. On June 24, 2003, Plaintiffs obtained a Writ of Execution against Defendant. Defendant is now asking for Relief from Judgment.

## DISCUSSION

Defendant is seeking relief from judgment under M. R. Civ. P. 60(b)(1), which authorizes the court to relieve a party from a final judgment for the following reasons: "mistake, inadvertence, surprise or excusable neglect." The Law Court has held that a party seeking relief from judgment pursuant M. R. Civ. P. 60(b) bears the "burden of proving that the judgment should be set aside." Keybank Nat'l Ass'n v. Sargent, 2000 ME 153, ¶ 13, 758 A.2d 528, 533 (quoting Beck v. Beck, 1999 ME 110, ¶ 6, 733 A.2d 981, 983). For excusable neglect, the moving party is required to show "a reasonable excuse for the default and a meritorious defense to the underlying action." Butler v. D/Wave Seafood, ME 2002 41, ¶ 17, 791 A.2d 928, 929 (quoting Theriault v. Gauthier, 634 A.2d 1255, 1256 (Me. 1993)). The Law Court has noted that the standard for excusable neglect is higher than the good cause standard under Rule 55(c). Id. (citing Theriault 634 A.2d at 1256-57).

### I. Reasonable Excuse for the Default

Defendant asserts that his neglect of the civil proceeding is excusable under Rule 60(b) because of the following factors: (1) confusion caused by Attorney Rabasco's letter inferring that he would protect Defendant's interests, (2) illnesses in Defendant's family, and (3) turmoil surrounding the Robichaud tenancy. For the following reasons, the court disagrees.

First, Defendant claims that Attorney Rabasco's February 25, 2003 letter led him to believe that Attorney Rabasco was looking out for his interests. However, Defendant has not established that Attorney Rabasco had been hired or was obligated to represent Defendant in this action. To the contrary, Defendant admits that he never retained Attorney Rabasco for the purposes of this suit. Moreover, Attorney Rabasco has not provided a statement of support or an affidavit stating otherwise. Therefore, Defendant's excuse that he relied on Attorney Rabasco was unreasonable.

Second, Defendant claims that family illnesses prevented him from defending this lawsuit. While the record shows that Defendant's partner and newborn child indeed suffered from various illnesses, a review of the medical records provided by Defendant reveals that these illnesses were not so severe as to warrant a complete neglect of this lawsuit. The record shows that there were a number of periods where the conditions of Defendant's partner and child had stabilized and Defendant could have been attentive to this action.

Finally, Defendant contends that the turmoil surrounding the Robichaud tenancy contributed to his failure to defend the present action. While the record indicates that there were significant problems surrounding the Robichaud tenancy, there is nothing in the record that suggests that these problems would have prevented Defendant from proceeding with the present action.

In sum, despite any trying times in Defendant's life, Defendant had ample opportunity to seek counsel, contact Plaintiffs' counsel, or inform the Court of his alleged personal problems in an effort to seek some form of relief. The Defendant made no such attempts.[1] In addition, the Defendant has offered no excuse for not attending the damages hearing or taking some action before the hearing to strike default. It was only after the issuance of a Writ of Execution that Defendant chose to seek relief from this court. Thus, his claim of excusable neglect fails.

## II. Meritorious Defense

Given that Defendant has not established a reasonable excuse for neglect, the Court does not reach the issue of whether the Defendant has a meritorious defense.

The entry is

Defendant's Motion for Relief from Judgment is DENIED.

Dated at Portland, Maine this 22 day of September, 2003.

Robert E. Crowley
Justice, Superior Court

---

[1] The Court acknowledges that on February 25, 2003, Attorney Rabasco wrote opposing counsel, explained the illnesses in Defendant's family, and requested that Defendant be permitted to file a late answer to the complaint. However, given that Defendant never retained Attorney Rabasco and the late answer was never agreed to, the argument that Defendant sought relief through Attorney Rabasco is unavailing.

Attorney for: WAYNE ROBICHAUD
FREDERICK ARTHUR VEITCH III
ZUCKERMAN & DEVINE
20 SHAKER RD
PO BOX 617
GRAY ME 04039-0617

**DOCKET RECORD**

GLENN ROBICHAUD - PLAINTIFF

Attorney for: GLENN ROBICHAUD
FREDERICK ARTHUR VEITCH III
ZUCKERMAN & DEVINE
20 SHAKER RD
PO BOX 617
GRAY ME 04039-0617


vs
STEPHEN KING D/B/A KINGS RENTAL - DEFENDANT

Attorney for: STEPHEN KING D/B/A KINGS RENTAL
NICHOLAS H WALSH
NICHOLAS H WALSH
111 COMMERCIAL STREET
PORTLAND ME 04101-4719


Filing Document: COMPLAINT                          Minor Case Type: GENERAL INJUNCTIVE RELIEF
Filing Date: 12/30/2002

## Docket Events:

12/30/2002 FILING DOCUMENT - COMPLAINT FILED ON 12/30/2002

12/30/2002 Party(s):  WAYNE ROBICHAUD
           MOTION - MOTION PROCEED W/O FEE FILED ON 12/30/2002

12/30/2002 Party(s):  WAYNE ROBICHAUD
           MOTION - MOTION PROCEED W/O FEE GRANTED ON 12/30/2002
           THOMAS E HUMPHREY , JUSTICE
           COPIES TO PARTIES/COUNSEL

12/30/2002 Party(s):  WAYNE ROBICHAUD
           MOTION - TEMP RESTRAINING ORDER FILED ON 12/30/2002
           WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

12/30/2002 Party(s):  WAYNE ROBICHAUD
           MOTION - TEMP RESTRAINING ORDER DENIED ON 12/30/2002
           THOMAS E HUMPHREY , JUSTICE
           TO THE EXTENT THAT PLAINTIFF SEEKS A TRO, WHETHER EXPARTE OR OTHERWISE, THE SAME IS DENIED
           BECAUSE THE REQUIREMENTS OF MRCIVP.65 HAVE NOT BEEN COMPLIED WITH. COPY MAILED TO GLENN
           ROBICHARD.

01/07/2003 Party(s):  WAYNE ROBICHAUD
           OTHER FILING - OTHER DOCUMENT FILED ON 01/07/2003