STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO: CV-06-637
                                            RAC —CUM- 12/2 2007

KELLY, REMMEL & ZIMMERMAN,

                    Plaintiff,

        v.                                  **ORDER ON DEFENDANT'S
                                            MOTION FOR TO SET ASIDE
                                            SUMMARY JUDGMENT**
                                            DONALD L G
GREGORY PRIOR,                                        LAW

                    Defendant.              JAN 15 200

This case comes before the Court on Defendant's motion to set aside

Summary Judgment and to Nullify a Writ of Execution.

## FACTUAL BACKGROUND

Defendant Gregory Prior (Mr. Prior) filed this motion to set aside the

summary judgment entered against him on April 13, 2007 by this Court in favor

of Plaintiff Kelly, Remmel & Zimmerman (Plaintiffs). Summary judgment was

entered pursuant to an alleged $10,000 default on a promissory note signed by

Mr. Prior in March 2006 (the "Note"). The Note was part of a settlement

agreement in the matter of *Basil Robinson v. Gregory Prior and the F/V Karrie N*,

Civil Action No. 05-CV-00024-GC, filed in United States District Court for the

District of Maine.

Plaintiff filed a complaint in this Court on November 9, 2006, seeking

judgment against Mr. Prior in the amount of $10,000 plus attorneys' fees and

interest for failure of Mr. Prior to pay on the Note. Mr. Prior made timely answer

to the complaint denying any knowledge of the Note and raising competency

issues.

1

On March 13th, 2007, Plaintiff filed a motion for summary judgment pursuant to and in compliance with M.R. Civ. P. 56, mailing a copy to Mr. Prior's post office box in Cushing Maine. Mr. Prior failed to file an opposition to that motion. He alleges that he failed to respond because he never received Plaintiff's motion for summary judgment. His post office box payments were in arrears and the post office held some, but apparently not all, of his mail behind the counter. Because he received some of his mail, he claims that he had no idea that Plaintiff had filed a motion for summary judgment on the Note. Mr. Prior only received Plaintiff's motion, he asserts, on July 5, 2007, well beyond the opposition deadline. Mr. Prior admits that it was his failure to pay his fee for the post office box, which he knew was in arrears, which caused his problems in receiving mail.

On April 13, 2007, summary judgment was entered in favor of Plaintiff (Order). The Court mailed that Order to Mr. Prior at the same Cushing post office box. Mr. Prior has not addressed whether or not he received the Order, but the Order was never returned to the Court as undeliverable. Mr. Prior did not appeal the Order.

Subsequent to entry of the Order, Plaintiff, after repeated attempts, served Mr. Prior with a disclosure subpoena. Mr. Prior was ordered before the District Court for a disclosure hearing on August 23, 2007. On August 22, 2007 Mr. Prior filed a motion to continue the disclosure hearing, which was granted until September 20, 2007 in order that he might obtain counsel. On August 22 he also filed this action.

## STANDARD OF REVIEW

A party may seek relief from judgment or order of the court under M.R. Civ. P. 60(b) when any of the following circumstances apply: "(1) mistake,

2

inadvertence, surprise, or excusable neglect . . . or (6) [for] any other reason justifying relief from the operation of the judgment." M.R. Civ. P. 60(b). Such a motion must "be made within a reasonable time," but motions involving mistake, inadvertence, surprise, or excusable neglect must be made within one year of the date of judgment. *Id.* "The party seeking relief from judgment . . . bears the burden of proving that the judgment should be set aside." *Keybank National Assoc. v. Sargent,* 2000 ME 153, ¶ 10, 758 A.2d 528, 533 (citations omitted). Considerable deference is afforded the trial court on decisions regarding default judgments. *Theriault v. Gauthier,* 634 A.2d 1255, 1256 (Me. 1993).

## DISCUSSION

Mr. Prior, in his motion to set aside the April 13, 2007 Order of the Court, asserts that he 1) was unaware that Plaintiff had moved for summary judgment due to mail being unknowingly diverted from his mailbox and because he was under the impression from Plaintiff that no interim pleadings would be filed prior to trial; and 2) opposed the motion for summary judgment because Plaintiff failed to carry out their obligations under the settlement agreement and because he was not competent to sign the settlement agreement.

Mr. Prior not only bears the burden of proving that the judgment must be set aside, *see id.,* but must also produce "competent evidence in support of his motion, *Daniel v. Palmer,* 580 A.2d 689, 689 (Me. 1990) (citations omitted). "Mere allegations of fact" are insufficient to support a Rule 60(b) motion. *Id. (quoting Tibbetts v. Carpenter,* 391 A.2d 309, 311 (Me. 1978)).

In support of his motion, Mr. Prior has included three affidavits, the content of which relates solely to his claims regarding his mail. Specifically they

3

support the contention that Mr. Prior did not receive the Motion for Summary Judgment until July 5, 2007 because he had not paid for his post office box. However, the affidavits also support the contention that he was not aware that he was not receiving all of his mail, because the postmistress did continue to give him some of his mail, though inadvertently failed to give him the envelope containing the Motion for Summary Judgment until July 5, 2007.

## I. Standard for Relief Under M.R. Civ. P. 60(b)(1).

Mr. Prior asserts that he failed to respond to the summary judgment because he never received the Motion for Summary Judgment by mail. The Court will first consider this claim pursuant to Rule 60(b)(1). A court may grant relief from a default judgment when a party has failed to answer, if that failure resulted from "excusable neglect." M.R. Civ. P. 60(b)(1). To obtain relief on this basis, a party must show both "a reasonable excuse for the default and a meritorious defense to the underlying action." *Mariello v. Giguere*, 667 A.2d 588, 589 (Me. 1995) (*quoting Theriault*, 634 A.2d at 1256).

### a. Excusable Neglect.

The excusable neglect standard for lifting default judgments under Rule 60(b)(1) is more stringent than the good cause standard for lifting an entry of default under Rule 55(c) "because it implicates the rule favoring finality of judgments." *Hamby v. Thomas Realty Assoc.*, 617 A.2d 562, 564 (Me. 1992). Good cause under Rule 55(c) was not found when a defendant failed to answer a complaint because the complaint was delayed in defendant's agent's (an insurer) mailroom. *Boit v. Brookstone Co., Inc.*, 641 A.2d 864, 865 (Me. 1994); *see also Hamby*, 617 A.2d at 564.

4

In this case, Mr. Prior does not deny that his mail was circumvented due to his own failure to pay his post office box fees. Consequently, his excuse for not responding to Plaintiff's motion for summary judgment is due to his own error. He was well aware of the pending action based on his answer to the complaint. Mr. Prior's excuse for failing to respond does not meet either the "good cause" standard or the excusable neglect standard under Rule 60(b). Accordingly, the Court cannot grant relief from judgment pursuant to Rule 60(b)(1).

### b.    Meritorious Defense.

Because Mr. Prior has failed to meet the "excusable neglect" standard as stated above, the Court need not reach whether or not Mr. Prior has raised a meritorious defense.

### II.    Standard for Relief Under M.R. Civ. P. 60(b)(6).

Rule 60(b)(6) allows for relief from final judgment or order "for any other reason justifying relief from the operation of the judgment." M.R. Civ. P. 60(b)(6). In order to be granted such relief a party must show an injustice in the original judgment. *Scott v. Lipman & Katz, P.A.*, 648 A.2d 969, 974 (Me. 1994) (citations omitted). Though broadly worded, "this rule must be applied in the exercise of sound judicial discretion" balancing the "desirability of finality of judgments and the relief from an injustice." *Reville v. Reville*, 370 A.2d 249, (Me. 1977) (citations omitted). It is "not intended as an alternative method of appellate review, nor as a procedural means by which legal errors readily correctible on appeal may be challenged in a second round of litigation." *Id.* at 254. Rule 60(b) "presupposes that a party has performed his duty to take legal steps to protect his own interests in the original litigation." *Id.*

The only competent evidence Mr. Prior puts forth on behalf of his motion is the affidavits relating to his post office box issues. These are not allegations of an injustice; consequently, relief cannot be granted by this Court pursuant to Rule 60(b)(6). Moreover, there is no evidence that Mr. Prior did not receive the Order when the Court mailed it in April 2007. He failed to appeal that Order thereby failing to protect his interests in the original litigation. Because Mr. Prior has failed to carry his burden this Court is unable to grant his motion to set aside the April 13, 2007 Order granting Plaintiff's motion for summary judgment.

**Therefore, the entry is:**

Defendant's motion for relief from judgment is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _12th_ day of _December, 2007_

Roland A. Cole
Justice, Superior Court

OF COURTS
rland County
 Box 287
aine 04112-0287

GREGORY PRIOR
BOX 99
CUSHING ME 04563

*Defendant*

OF COURTS
and County
Box 287
ine 04112-0287

*plaintiff*

JENNIFER ARCHER ESQ
PO BOX 597
PORTLAND ME 04112