STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CUMSC-CV-16-240

ANN C. MULLER,

        Plaintiff,

        v.

STEPHANIE S. LAY,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

STATE OF MAINE
Cumberland, ss, Clerk's Office

OCT 26 2016

RECEIVED

## ORDER ON DEFENDANT'S MOTIONS TO SET ASIDE ENTRY OF DEFAULT AND TO VACATE DEFAULT JUDGMENT

Defendant Stephanie Lay has filed a Motion to Lift Default and a separate Motion to Vacate Default Judgment. For the following reasons, Defendant's Motion to Lift Default is denied but her Motion To Vacate Default Judgment is granted.

### I. Background

On June 15, 2016, Plaintiff Ann Muller filed a complaint alleging breach of a loan agreement, unjust enrichment, and improvident transfer. According to the complaint, Plaintiff loaned a credit card to Defendant with the understanding that Defendant would repay the resulting balance, including interest. (Pl.'s Compl. ¶¶ 3-5.) Between 2008 and 2014, Defendant charged $49,435.30 to the card, which, including interest, resulted in a balance of $62,097.60. (*Id.* ¶¶ 6-10.) Plaintiff closed the account in 2014 and paid the balance. (*Id.* ¶ 9.) Defendant has since paid Plaintiff $15,000.00, and Plaintiff has applied $7,000.00 from the parties' joint savings account toward the loan. (*Id.* ¶¶ 12-14.) Defendant has not paid the remaining balance, which totals $42,097.60. (*Id.* ¶¶ 15-16.)

Defendant was served with the summons and complaint in hand on July 11, 2016. Defendant did not answer the complaint, and, on August 12, 2016, Plaintiff requested an entry

1

of default and a default judgment. The clerk entered default and a default judgment on August 17, 2016. On September 1, 2016, Defendant filed (1) an objection to Plaintiff's affidavit and request for a default judgment and (2) a motion to set aside the entry of default. On September 9, 2016, Plaintiff filed a motion to vacate the default judgment. Plaintiff opposed Defendant's motions on September 21, 2016.

## II. *Analysis*

### A. Standard of Review

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." M.R. Civ. P. 55(a).

When the claim is for "a sum certain or for a sum which can by computation be made certain," the clerk is further authorized to enter a default judgment. M.R. Civ. P. 55(b)(1). Once a default judgment has been entered, the court may set it aside only in accordance with Rule 60(b). M.R. Civ. P. 55(c). Under Rule 60(b), the movant must show excusable neglect, which requires: (1) a reasonable excuse for the movant's inattention to the court proceedings, and (2) a meritorious defense to the underlying action. *Ezell v. Lawless*, 2008 ME 139, ¶ 22, 955 A.2d 202. The excusable neglect standard of Rule 60(b) is more stringent than the good cause standard of Rule 55(c). *Theriault v. Gauthier*, 634 A.2d 1255, 1256-57 (Me. 1993).

### B. Motion to Lift Default

Defendant offers two excuses for her inattention to the court proceedings: (1) she was making salsa for her business when she was served and set the summons and complaint aside, and (2) she assumed the summons and complaint related to a legal dispute involving her son, which her son's father was handling. (Def.'s Mot. Set Aside Default 2; Lay Aff. ¶¶ 5-14.)

2

As to Defendant's first argument, the press of other business does not constitute excusable neglect. *Steel Serv. Ctr. v. Prince Macaroni Mfg. Co.*, 438 A.2d 881, 882 (Me. 1981); *see Truman v. Browne*, 2001 ME 182, ¶¶ 10-11, 788 A.2d 168 (pro se litigants held to same standard as attorneys). Defendant states that she could not look at the summons and complaint when they were served on her because the task of preparing her salsa required her concentration and, when she was finished preparing her salsa, she was exhausted and went straight to bed. (Lay Aff. ¶¶ 9-10, 13.) Defendant offers no explanation for her failure to respond to the complaint within the following 20 days, other than the fact that the summons and complaint became buried on her desk and she forgot about them. (*Id.* ¶ 14.) The court does not consider this to be a reasonable excuse for Defendant's inattention.

As to Defendant's second argument, a "mere palpable mistake" does not constitute excusable neglect. *Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1083 (Me. 1981). Defendant states that the dispute involving her son, which she mistakenly believed was related to the summons and complaint in this action, involved an ambulance company. (Lay Aff. ¶ 11.) A cursory review of the complaint's caption would have alerted her to the fact that the summons and complaint initiated a new action involving Plaintiff, and not involving any ambulance company. The court does not consider Defendant's failure to review the complaint to be a reasonable excuse for her inattention. Accordingly, the default will stand.

C. Motion to Vacate Default Judgment

However, Defendant's Motion to Vacate Default Judgment includes some evidence, in the form of check stubs, that suggest the Defendant has made payment for which she has not been credited. Plaintiff's objection to Defendant's motions acknowledges that Plaintiff "forgot" about three early payments, but asserts that they have already been credited to Defendant. In any case, the court is no longer satisfied that Plaintiff's claim is for a sum certain, and therefore

3

vacates the default judgment. Instead, the clerk will schedule a testimonial hearing on Plaintiff's motion for default judgment.

The starting point for the hearing will be that Defendant caused a total of $62,097.60 in charges (including interest charges) to be assessed against Plaintiff's Discover Card, as alleged in the complaint. That amount will be taken as established. Plaintiff acknowledges that Defendant should be credited for a total of $22,000 in payment toward what Defendant owes. Defendant asserts she has paid more. So the sole issue at the default judgment hearing is whether Defendant should be credited with any more payments. Given that framing of the issue, Defendant will present her evidence of payment first, at the hearing.

*III. Conclusion.*

It is hereby ORDERED AND ADJUDGED AS FOLLOWS:

Defendant Stephanie Lay's Motion to Lift Default is denied. Defendant's Motion to Vacate Default Judgment is granted. The Clerk will schedule this matter for a 90-minute testimonial hearing during November or December 2016. Each side is allocated 45 minutes for all purposes—direct and cross-examination and argument. The parties will exchange witness and exhibit lists and copies of exhibits at least five days before the hearing.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket

Dated October 26, 2016

_____
A.M. Horton
Justice, Superior Court

4